127 T.C. No. 14

UNITED STATES TAX COURT

CHARLES RAYMOND WHEELER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15720-05.                    Filed December 6, 2006.

P failed to file his Federal income tax return for
2003.  R issued a notice of deficiency in which he
determined that P was liable for an income tax
deficiency and for additions to tax under secs. 6651
and 6654, I.R.C.  At trial, R, who had the burden of
production under sec. 7491(c), I.R.C., with respect to
the additions to tax, produced evidence that P did not
file a Federal income tax return for 2003 and that P
did not make any estimated tax payments for 2003, but R
did not introduce any evidence regarding P's 2002
taxable year.  Specifically, R failed to introduce
evidence as to whether P had filed a Federal income tax
return for 2002 and, if so, whether P had any reported
Federal income tax liability for 2002.  R also failed
to introduce evidence that the Secretary had made a
return for 2003 satisfying the requirements of sec.
6020(b), I.R.C.

    1.  <u>Held</u>:  In order to satisfy his burden of
production under sec. 7491(c), I.R.C., with respect to

the sec. 6651(a)(2), I.R.C., addition to tax, R must introduce evidence that the tax was shown on a return. When a taxpayer has not filed a return, the sec. 6651(a)(2), I.R.C., addition to tax may not be imposed unless the Secretary has prepared a substitute for return (SFR) that meets the requirements of sec. 6020(b), I.R.C. Because R failed to introduce evidence that the Secretary had prepared an SFR for 2003 that met the requirements of sec. 6020(b), I.R.C., R did not satisfy his burden of production under sec. 7491(c), I.R.C., with respect to the sec. 6651(a)(2), I.R.C., addition to tax.

2. Held, further, in order to satisfy his burden of production under sec. 7491(c), I.R.C., with respect to the sec. 6654, I.R.C., addition to tax, R must introduce evidence that P failed to make a required annual payment under sec. 6654(d), I.R.C., for 2003. Because R failed to introduce evidence showing whether P had filed a return for 2002 (the immediately preceding taxable year) and, if so, whether P had any reported income tax liability for that year, R failed to demonstrate that P was required to make any estimated tax payments for 2003. Consequently, R did not satisfy his burden of production under sec. 7491(c), I.R.C.

3. Held, further, P's liability for income tax, for the sec. 6651(a)(1), I.R.C., addition to tax, and for a penalty under sec. 6673, I.R.C., determined.

Charles Raymond Wheeler, pro se.

Joan E. Steele, for respondent.

OPINION

MARVEL, Judge: Respondent determined a deficiency in petitioner's 2003 Federal income tax of $9,507 and additions to

tax under section 6651(a)(1)[1] of $2,037, under section 6651(a)(2) of $498, and under section 6654 of $245. Petitioner petitioned for a redetermination of the deficiency and the additions to tax. After concessions,[2] the issues for decision are:

(1) Whether respondent issued a valid notice of deficiency for petitioner's 2003 taxable year;

(2) whether petitioner is liable for an addition to tax under section 6651(a)(1) for failing to file his 2003 Federal income tax return;

(3) whether petitioner is liable for an addition to tax under section 6651(a)(2) for failing to pay the amount shown as tax on a return;

(4) whether petitioner is liable for an addition to tax under section 6654 for failing to pay estimated taxes; and

(5) whether the Court should impose a penalty under section 6673.

---

[1]All section references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[2]Respondent concedes that petitioner had allowable deductions and credits as follows: Mortgage interest of $9,032, real estate taxes of $1,791, and a withholding credit of $452. Respondent also concedes that petitioner is not liable for additional tax under sec. 72(t), and he is entitled to married filing separate status with one exemption. Respondent further concedes that, after taking the above-listed deductions and exemptions into account, petitioner's income tax deficiency for 2003 is reduced to $3,854.

## Background

Petitioner resided in Colorado Springs, Colorado, when he petitioned the Court in this case.

Petitioner did not file a Federal income tax return for 2003.  Respondent issued a notice of deficiency to petitioner determining that petitioner failed to report taxable retirement distributions of $41,657, dividend income of $241, and interest income of $3; that petitioner was liable for an income tax deficiency of $9,507; and that petitioner was liable for additions to tax under sections 6651(a)(1) and (2) and 6654.

On August 24, 2005, petitioner timely petitioned for redetermination of the deficiency and the additions to tax.  In his petition, petitioner disputed the full amount of the deficiency and the additions to tax[3] and alleged that there was a multitude of errors in respondent's determinations.  However, most of the allegations in the petition either were unintelligible or, if intelligible, were frivolous.[4]  Petitioner

_____

[3]Petitioner alleged in his petition that respondent had determined "deficiencies" in income tax for 2003 of $12,368, all of which is in dispute.  The amount represents the total tax, penalties, and interest (computed to Apr. 24, 2005) due from petitioner as shown on Form 4549, Income Tax Examination Changes (included as part of the notice of deficiency).

[4]For example, petitioner argued that he was not required to file an information request for 2003, that he was not required to file a return because respondent's form violated the provisions of the Paperwork Reduction Act, and that he was not liable for any increase in tax for 2003 "pursuant to 44 U.S.C. § 3512."

did not assign any error as required by Rule 34(b)(4)[5] to respondent's determinations that petitioner received income from a retirement distribution,[6] interest, or dividends during 2003.[7] With respect to the additions to tax respondent determined, petitioner prayed in his petition that this Court find that "The Petitioner is not liable for any determination of penalties and/or interest in the notice of deficiency" and that "The Petitioner is not liable for a penalty at 26 U.S.C. § 6654."

At a pretrial conference held on April 17, 2006, we warned petitioner several times that he had not raised any nonfrivolous issue regarding respondent's deficiency determination and that, should he continue with similar arguments at trial, we would consider imposing a penalty under section 6673. At trial, respondent moved for the imposition of a penalty under section

---

[5]Rule 34(b)(4) provides that a petition shall contain clear and concise assignments of each and every error which the petitioner alleges that the Commissioner made in the determination of the deficiency. Rule 34(b)(4) further provides that "Any issue not raised in the assignments of error shall be deemed to be conceded."

[6]In his pretrial memorandum and at trial, petitioner conceded that he received military retirement payments during 2003 in the amount determined in the notice of deficiency.

[7]Petitioner did not specifically assign error to the income adjustments involving interest and dividends, and he did not contest these adjustments at trial. Consequently, we conclude that petitioner has conceded these adjustments. See, e.g., Rule 34(b)(4); Derksen v. Commissioner, 84 T.C. 355, 360 (1985).

6673(a)(1), and we again warned petitioner of the risk he would assume by pursuing frivolous arguments.

This is not the first time that petitioner has made frivolous arguments in this Court. In two consolidated cases involving petitioner's 1994-2001 taxable years decided after this case was heard, this Court imposed on petitioner a penalty of $3,000 under section 6673 for instituting proceedings based upon a frivolous position.[8] See Wheeler v. Commissioner, T.C. Memo. 2006-109.

## Discussion

### I. Validity of the Notice of Deficiency

Petitioner did not offer any testimony or argument at trial regarding most of the assignments of error in the petition.[9] Petitioner argued only that the notice of deficiency was not statutory and, therefore, was invalid. Specifically, petitioner

---

[8]In Wheeler v. Commissioner, T.C. Memo. 2006-109, petitioner argued, for example, that notices of deficiency were not valid, that he is not an individual required to pay an income tax, and that there is no law requiring him to file an income tax return.

[9]The assignments of error in the petition pertaining to respondent's income adjustments and deficiency determination, including allegations that petitioner was not required to file a tax return for 2003 and that the requirement to file a tax return is in violation of the Paperwork Reduction Act, are contrary to well-established law. "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Moreover, many of petitioner's assignments of error duplicate those he made in an earlier case, and this Court has already rejected them. See Wheeler v. Commissioner, supra.

argued that a valid notice of deficiency must reference the particular statute upon which the Commissioner's determination is based. We address petitioner's argument in order to clarify that the notice of deficiency in question satisfied the requirements of sections 6212 and 7522.

Section 6212(a) authorizes the Secretary[10] to send a notice of deficiency to a taxpayer by certified mail or registered mail if the Secretary determines that the taxpayer is liable for a deficiency in income tax. Ordinarily, a notice of deficiency involving income tax is sufficient if it is mailed to a taxpayer's last known address. Sec. 6212(b)(1). A notice of deficiency described in section 6212 must also comply with section 7522. Sec. 7522(b)(1). Section 7522(a) provides that "Any notice to which this section applies shall describe the basis for, and identify the amounts (if any) of, the tax due, interest, additional amounts, additions to the tax, and assessable penalties included in such notice." However, section 7522(a) also provides that an inadequate description "shall not invalidate such notice."

Petitioner does not dispute that respondent addressed the notice of deficiency to petitioner at his last known address, see sec. 6212(b)(1), and that respondent mailed the notice by

---

[10]The term "Secretary" is defined by sec. 7701(a)(11)(B) to mean the Secretary of the Treasury or his delegate.

certified or registered mail as authorized by section 6212(a).
Petitioner also does not dispute that the notice of deficiency
described the income adjustments as unreported income, listed the
specific items of unreported income, and identified the additions
to tax, pursuant to section 7522(a).  Petitioner's argument at
trial focused solely on the fact that the notice of deficiency
did not identify the specific Code section requiring respondent's
income adjustments.

Petitioner's argument assumes a requirement for a valid
notice of deficiency that neither section 6212 nor section
7522(a) imposes.  Although the notice of deficiency did not cite
the section of the Code requiring a taxpayer to include pension,
dividend, and interest income in gross income, see sec. 61(a),[11]
a notice's failure to include a statutory citation for each
adjustment does not invalidate the notice under section 6212,
see Jarvis v. Commissioner, 78 T.C. 646, 655-656 (1982) (neither
section 6212 nor any other provision of the Code prescribes the

---

[11]Sec. 61(a) defines gross income generally as "all income
from whatever source derived," including, but not limited to,
interest, dividends, and pensions.  See sec. 61(a)(4), (7), (11).
Military retirement pay is pension income within the meaning of
sec. 61(a)(11).  See Weir v. Commissioner, T.C. Memo. 2001-184;
Eatinger v. Commissioner, T.C. Memo. 1990-310 ("A military
retirement pension, like other pensions, is simply a right to
receive a future income stream from the retiree's employer.");
sec. 1.61-11(a), Income Tax Regs. ("Pensions and retirement
allowances paid either by the Government or by private persons
constitute gross income unless excluded by law.").

form of a notice or the specifics to be contained therein); Rogers v. Commissioner, T.C. Memo. 2001-20, affd. without published opinion 281 F.3d 1278 (5th Cir. 2001). Likewise, a failure to include a statutory citation for each adjustment in a notice does not invalidate a notice under section 7522. Sec. 7522(a). Section 7522(a) requires a notice of deficiency to describe the bases for, and identify the amounts of, tax and additions to tax, but it contains no requirement that a notice of deficiency identify the specific statutory provision supporting each adjustment.

The notice of deficiency described the income adjustments in sufficient detail to put petitioner on notice of the adjustments against him. See Jarvis v. Commissioner, supra at 655. We hold, therefore, that the failure to identify the statutory provision requiring respondent's income adjustments in the notice of deficiency does not render the notice invalid.

II. Additions to Tax

A. Respondent's Burden of Production Under Section 7491(c)

Section 7491(c) was enacted by section 3001(a) of the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, 112 Stat. 726, and applies to court proceedings arising in connection with examinations commencing after July 22, 1998. RRA 1998 sec. 3001(c)(1), 112 Stat. 727. Section 7491(c) provides:

SEC. 7491(c). Penalties.--Notwithstanding any other provision of this title, the Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed by this title.

In order to satisfy his burden of production under section 7491(c), the Commissioner must produce evidence that it is appropriate to impose the relevant penalty, addition to tax, or additional amount (collectively, penalty).  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  However, section 7491(c) does not require the Commissioner to introduce evidence regarding reasonable cause, substantial authority, or similar provisions. Id.; H. Conf. Rept. 105-599, at 241 (1998), 1998-3 C.B. 747, 995. The conference report explained the respective obligations of the Commissioner and a taxpayer under section 7491(c) as follows:

> Further, the provision provides that, in any court proceeding, the Secretary must initially come forward with evidence that it is appropriate to apply a particular penalty to the taxpayer before the court can impose the penalty.  This provision is not intended to require the Secretary to introduce evidence of elements such as reasonable cause or substantial authority. Rather, the Secretary must come forward initially with evidence regarding the appropriateness of applying a particular penalty to the taxpayer; if the taxpayer believes that, because of reasonable cause, substantial authority, or a similar provision, it is inappropriate to impose the penalty, it is the taxpayer's responsibility (and not the Secretary's obligation) to raise those issues.

H. Conf. Rept. 105-599, supra at 241, 1998-3 C.B. at 995.

In a proceeding before this Court, the Commissioner's obligation under section 7491(c) initially to come forward with evidence that it is appropriate to apply a particular penalty to a taxpayer is conditioned upon the taxpayer's assigning error to the Commissioner's penalty determination.  In Swain v. Commissioner, 118 T.C. 358 (2002), we held that a taxpayer who failed to assign error to a penalty is deemed under Rule 34(b)(4) to have conceded the penalty, notwithstanding that the Commissioner failed to produce evidence that the imposition of the penalty is appropriate.  We explained that Rule 34(b)(4) and section 7491(c) are consistent and described the interrelationship of Rule 34(b)(4) and section 7491(c) as follows:

> An individual must first challenge a penalty by filing a petition alleging some error in the determination of the penalty.  If the individual challenges a penalty in that manner, the challenge generally will succeed unless the Commissioner produces evidence that the penalty is appropriate.  If an individual does not challenge a penalty by assigning error to it (and is, therefore, deemed to concede the penalty), the Commissioner need not plead the penalty and has no obligation under section 7491(c) to produce evidence that the penalty is appropriate.

Id. at 364-365.

Respondent has determined that petitioner is liable for additions to tax under sections 6651(a)(1) and (2) and 6654.  We examine the record to decide whether petitioner assigned error to

each addition to tax and, if so, whether respondent has satisfied his burden of production with respect to each addition to tax.

In the petition, petitioner contested his liability for the additions to tax. Although the petition is unclear in many respects and does not follow the format that Rule 34(b) requires for a properly prepared petition, petitioner nevertheless asserted in the petition that he was not liable for the additions to tax, and respondent was put on notice that petitioner's liability for the additions to tax was an issue. We conclude, therefore, that petitioner assigned error to the additions to tax, see Swain v. Commissioner, supra at 364-365, and respondent had the burden of production under section 7491(c) to come forward with evidence that it is appropriate to hold petitioner liable for the additions to tax. Therefore, we must review the record with respect to each addition to tax to ascertain whether respondent met his burden of production.

B. Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) authorizes the imposition of an addition to tax for failure to file a timely return unless the taxpayer proves that such failure is due to reasonable cause and is not due to willful neglect. Sec. 6651(a)(1); see United States v. Boyle, 469 U.S. 241, 245 (1985); Harris v. Commissioner, T.C. Memo. 1998-332.

Respondent introduced evidence showing that petitioner did not file his 2003 income tax return or an application for additional time to file his 2003 return by the original due date of the return. The evidence is sufficient to satisfy respondent's burden of production under section 7491(c), and we so find.

Petitioner offered no evidence at trial regarding any of the adjustments, including the addition to tax under section 6651(a)(1). The only argument petitioner made that could conceivably be addressed to his failure to file a timely return is contained in the petition. There, petitioner contends that he is not liable for any increase in tax because of the Paperwork Reduction Act.[12] The Paperwork Reduction Act is not a defense to

_____

[12]The Paperwork Reduction Act was enacted by Congress as a "comprehensive scheme designed to reduce the federal paperwork burden." United States v. Dawes, 951 F.2d 1189, 1191 (10th Cir. 1991). Under the act, the Office of Management and Budget (OMB) is given authority to review an agency "collection of information" and to assign a control number to each collection of information it approves. See 44 U.S.C. secs. 3502, 3504, 3507(a) (2000 & Supp. III, 2003); see also United States v. Dawes, supra at 1191. If an agency collection of information does not display a current control number or fails to state that the request is not subject to the act, the act provides that no person shall be subject to any penalty for failure to maintain or provide information pursuant to the collection request. See 44 U.S.C. sec. 3512 (2000). Taxpayers have sometimes argued that, because tax regulations and instructions do not contain control numbers, the act protects taxpayers from failure to file prosecutions and penalties for failure to file tax returns. These arguments consistently have been rejected by the Federal courts that have considered them. See United States v. Dawes, supra at 1191 (and cases cited thereat).

the addition to tax under section 6651(a)(1), nor does it create a loophole in the Code.  See United States v. Dawes, 951 F.2d 1189, 1193 (10th Cir. 1991).

Petitioner had the burden of producing evidence to prove that he had reasonable cause for his failure to file his 2003 return.  Sec. 6651(a)(1); Rule 142(a)(1).  The record is devoid of such evidence.  We conclude, therefore, that petitioner is liable for the section 6651(a)(1) addition to tax.

C.  Section 6651(a)(2) Addition to Tax

Section 6651(a)(2) imposes an addition to tax for failure to pay the amount of tax shown on a return.  The addition to tax under section 6651(a)(2) applies only when an amount of tax is shown on a return.  Cabirac v. Commissioner, 120 T.C. 163, 170 (2003).  Petitioner did not file a return for 2003. Nevertheless, respondent contends that he made a substitute for return (SFR) for 2003 pursuant to section 6020(b) that qualifies as a return for purposes of section 6651(a)(2).

A return made by the Secretary under section 6020(b) is treated as "the return filed by the taxpayer for purposes of determining the amount of the addition" under section 6651(a)(2). Sec. 6651(g)(2).  However, the return must satisfy the requirements of section 6020(b).  Section 6020(b) provides:

SEC. 6020(b).  Execution of Return by Secretary.--

(1)  Authority of secretary to execute return.--If any person fails to make any return required by any

internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.

(2) Status of returns.--Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes.

We have addressed on several occasions what constitutes a section 6020(b) return. In Phillips v. Commissioner, 86 T.C. 433, 437-438 (1986), affd. in part and revd. in part on another issue 851 F.2d 1492 (D.C. Cir. 1988), we held that a "dummy return", i.e., page 1 of a Form 1040, U.S. Individual Income Tax Return, showing only the taxpayer's name, address, and Social Security number, was not a section 6020(b) return. In Millsap v. Commissioner, 91 T.C. 926, 930 (1988), we held that unsubscribed Forms 1040 containing the taxpayer's name, address, Social Security number, and filing status but no information regarding income or tax, to which were attached subscribed revenue agent's reports containing sufficient information from which to compute the taxpayer's tax liability, were returns under section 6020(b). In Cabirac v. Commissioner, supra at 170-173, we held that unsubscribed SFRs showing zeros on the relevant lines for computing a tax liability and no tax liability did not meet the requirements of section 6020(b). We rejected the Commissioner's contention that we should evaluate the SFRs filed on February 23, 2000, in conjunction with a notice of proposed adjustments dated

May 31, 2000, in deciding whether the SFRs were section 6020(b) returns. We distinguished Millsap because in Millsap the revenue agent's report was attached to the SFR. In Cabirac, there was no evidence that the notice of proposed adjustments was attached to the SFRs. We noted that the SFRs, which were stipulated exhibits, appeared to have been prepared several months before the notice of proposed adjustments, and there was no evidence that the SFRs were ever put together with the notice of proposed adjustments and filed as section 6020(b) returns. Id. at 172. We specifically rejected the Commissioner's suggestion "that the presence of what are essentially 'dummy returns' and a revenue agent's report somewhere in the record meets the requirements of section 6020(b)", and we emphasized that our decisions in Phillips and Millsap "mandate a greater degree of formality" for section 6020(b) returns. Id.

In each of the cases discussed above, the record included the SFRs that the Commissioner contended met the requirements of section 6020(b) and/or stipulations that the SFRs had been filed. In this case, however, although respondent alleged that an SFR meeting the requirements of section 6020(b) was prepared and filed, respondent did not introduce the SFR into evidence and did not otherwise prove that an SFR meeting the requirements of section 6020(b) had been made for 2003. The only evidence regarding the SFR is a cryptic and summary reference to a

"Substitute for Return" contained in Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, for petitioner's 2003 taxable year.

The Commissioner's burden of production with respect to the section 6651(a)(2) addition to tax requires that the Commissioner introduce evidence that a return showing the taxpayer's tax liability was filed for the year in question. In a case such as this where the taxpayer did not file a return, the Commissioner must introduce evidence that an SFR satisfying the requirements of section 6020(b) was made. See Cabirac v. Commissioner, supra. Respondent did not do so.

Because the record does not contain evidence that petitioner failed to pay tax shown on a return for 2003, we conclude that respondent has failed to satisfy his burden of production under section 7491(c) with respect to the section 6651(a)(2) addition to tax.

### D. Section 6654(a) Addition to Tax

Section 6654 imposes an addition to tax on an individual taxpayer who underpays his estimated tax. The addition to tax is calculated with reference to four required installment payments of the taxpayer's estimated tax liability. Sec. 6654(c)(1). Each required installment of estimated tax is equal to 25 percent of the required annual payment. Sec. 6654(d)(1)(A). The required annual payment is equal to the lesser of (1) 90 percent

of the tax[13] shown on the individual's return for that year (or, if no return is filed, 90 percent of his or her tax for such year), or (2) if the individual filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return.[14] Sec. 6654(d)(1)(B). The due dates of the required installments for a calendar year taxpayer are April 15, June 15, and September 15 of the calendar year in question and January 15 of the following year. Sec. 6654(c)(2).

Respondent introduced evidence to prove that petitioner was required to file a Federal income tax return for 2003, that petitioner did not file a 2003 return, and that petitioner did not make any estimated tax payments for 2003. However, respondent did not introduce evidence sufficient to prove that petitioner had an obligation to make any estimated tax payments for 2003. Specifically, respondent's burden of production under section 7491(c) required him to produce evidence that petitioner had a required annual payment for 2003 under section 6654(d), and respondent failed to do so.

---

[13]For purposes of sec. 6654, an individual's tax consists of his income tax and self-employment tax and is determined before the application of any wage withholding credit but after the application of other allowable credits. Sec. 6654(f).

[14]If an individual's adjusted gross income shown on the previous year's return exceeds $150,000, a higher percentage may apply. See sec. 6654(d)(1)(C).

Under section 6654(d)(1)(B), the required annual payment, which dictates the amount, if any, of a taxpayer's required estimated tax installments, see sec. 6654(d)(1), is the lesser of 90 percent of the tax shown for the subject taxable year (or, if no return was filed, 90 percent of the tax for such year), sec. 6654(d)(1)(B)(i), or a fixed percentage (usually 100 percent but can be higher, see sec. 6654(d)(1)(C)(i)) of the tax shown on the taxpayer's return for the preceding taxable year, sec. 6654(d)(1)(B)(ii).  In order to satisfy his burden of production under section 7491(c) regarding petitioner's liability for the section 6654 addition to tax, respondent, at a minimum, must produce evidence necessary to enable the Court to conclude that petitioner had a required annual payment under section 6654(d)(1)(B).

Respondent produced evidence establishing that petitioner did not file a return for 2003 and that, after concessions, petitioner had a revised income tax liability of $3,854 for 2003, the year at issue.  This evidence was sufficient to permit this Court to make the analysis required by section 6654(d)(1)(B)(i). However, in order to permit this Court to make the analysis required by section 6654(d)(1)(B)(ii)[15] and to conclude that respondent had met his burden of producing evidence that

[15]Sec. 6654(d)(1)(B)(ii) does not apply if the preceding taxable year was not a taxable year of 12 months or if the individual did not file a return for the preceding taxable year.

petitioner had a required annual payment for 2003 payable in installments under section 6654, respondent also had to introduce evidence showing whether petitioner filed a return for the preceding taxable year and, if he did, the amount of tax shown on that return. Respondent did not do so. Without that evidence, we cannot identify the number equal to 100 percent of the tax shown on petitioner's 2002 return, we cannot complete the comparison required by section 6654(d)(1)(B), and we cannot conclude that petitioner had a required annual payment for 2003 that was payable in installments under section 6654.

We recognize that section 6654 is a complex provision. It sets forth the requirements for calculating and making installment payments of estimated tax, see sec. 6654(c) and (d), it contains special rules for estimated tax payments by certain classes of taxpayers, see sec. 6654(i), (j), (l), it contains exceptions to the general requirement that estimated tax payments be made, see sec. 6654(e), and it imposes an addition to tax on an individual who underpays his estimated tax that is calculated with reference to the underpayment rate under section 6621, the underpayment amount, and the underpayment period, see sec. 6654(a) and (b). We do not attempt in this Opinion to answer all of the questions that may arise regarding the interrelationship of section 7491(c) and section 6654. We hold only that the Commissioner's burden of production under section 7491(c) with

respect to the section 6654 addition to tax requires the Commissioner, at a minimum, to produce evidence that a taxpayer had a required annual payment under section 6654(d). Respondent did not do so. Consequently, respondent's determination regarding the section 6654 addition to tax is not sustained.

III. Section 6673 Penalty

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay the United States a penalty, not to exceed $25,000, if it appears that the taxpayer has instituted or maintained a proceeding primarily for delay or that the taxpayer's position is frivolous or groundless. A taxpayer's position is frivolous or groundless if it is "'contrary to established law and unsupported by a reasoned, colorable argument for change in the law.'" Williams v. Commissioner, 114 T.C. 136, 144 (2000) (quoting Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986)).

Petitioner's arguments regarding such things as his obligation to file a Federal income tax return and the effects of the Paperwork Reduction Act on his tax reporting and payment obligations are contrary to well-established law and are frivolous. Although we provided petitioner with ample warning of the potential implications of continuing to assert those frivolous and groundless arguments, petitioner did not abandon his arguments or acknowledge his liability for income tax on the

income he received during 2003. Instead, petitioner chose to appear at trial, where he presented no evidence and argued that the notice of deficiency was not statutory or valid. Moreover, this is not the first time that petitioner has wasted the time and resources of this Court. See Wheeler v. Commissioner, T.C. Memo. 2006-109.

While it is true that petitioner has prevailed with respect to two of the additions to tax, his success is not attributable to any meaningful effort on his part. Rather, his limited success in this case is the result of respondent's failure to satisfy his burden of production under section 7491(c) regarding the section 6651(a)(2) and section 6654 additions to tax. With the exception of petitioner's allegation that he was not liable for the additions to tax, petitioner's assignments of error in the petition, his arguments in his pretrial memorandum,[16] and his argument at trial were either unintelligible or meritless. Moreover, petitioner did not abandon his frivolous arguments despite repeated warnings. At trial, petitioner, while courteous, did not testify regarding any disputed factual matters, and he persisted in arguing that the notice of deficiency was not valid.

---

[16] Petitioner's pretrial memorandum was filled with unintelligible and/or frivolous arguments reminiscent of tax-protester rhetoric.

The record convincingly demonstrates that petitioner maintained these proceedings primarily for delay and that petitioner's positions regarding respondent's deficiency determination were frivolous and groundless. We believe that petitioner's conduct deserves an appropriate sanction under section 6673. In setting the amount of the penalty, we recognize that petitioner was courteous at trial and that he made a flawed attempt to cooperate.[17] We also recognize that this Court's opinion in Wheeler v. Commissioner, supra, was not released until after the trial in this case. However, petitioner was warned repeatedly by respondent and by this Court that his arguments in this case could expose him to liability for the section 6673(a)(1) penalty, and he did not heed those warnings. Accordingly, we shall require petitioner to pay to the United States a penalty under section 6673(a)(1) of $1,500.

---

[17]During a pretrial conference, respondent confirmed that petitioner had been cooperative in that he did not dispute the amounts of the income adjustments, but the record demonstrates that petitioner's cooperation was extremely limited. Petitioner's limited cooperation is insufficient to counteract his stubborn insistence on arguing positions consistently rejected by this Court and others. See Wheeler v. Commissioner, T.C. Memo. 2006-109.

To reflect the foregoing and concessions of the parties,

<u>An appropriate order will</u>

<u>be issued, and decision will</u>

<u>be entered under Rule 155</u>.