T.C. Memo. 2007-76

UNITED STATES TAX COURT

STACY N. DAVENPORT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23917-05.          Filed April 2, 2007.

Stacy N. Davenport, pro se.

<u>Carrie L. Kleinjan</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  By notice of deficiency dated September 19, 2005, respondent determined a deficiency in and additions to petitioner's 2002 Federal income tax.  The issues for decision

are whether petitioner is liable for unreported income and the section 6654(a)[1] and section 6651(a)(1) and (2) additions to tax.

FINDINGS OF FACT

During 2002, petitioner performed services for S. McClain, Inc. (McClain). Between March 29 and September 6, 2002, McClain issued, and sent to petitioner's home, 24 checks payable to DDR Truck Associates (DDR). Those checks totaled $63,850. Petitioner deposited those checks into, and paid his salary from, a bank account in the name of DDR over which he had signature authority.

McClain issued petitioner a Form 1099-MISC, Miscellaneous Income, which stated that in 2002 McClain paid petitioner $63,850. McClain subsequently issued a corrected Form 1099-MISC to petitioner (i.e., stating that it paid petitioner zero in 2002) and a Form 1099-MISC to DDR (i.e., stating that it paid DDR $63,850 in 2002). Petitioner did not file a return, pay tax, or make estimated tax payments relating to 2002.

On August 17, 2005, respondent, pursuant to section 6020(b), prepared a substitute for return (SFR) relating to 2002. On September 19, 2005, respondent sent petitioner a notice of

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

deficiency relating to 2002. Respondent determined that petitioner was liable for a deficiency and additions to tax for failure to file a tax return, pursuant to section 6651(a)(1); timely pay tax, pursuant to section 6651(a)(2); and pay estimated income tax, pursuant to section 6654(a).

On December 19, 2005, petitioner, while residing in Hamburg, Pennsylvania, filed his petition with the Court.

OPINION

Generally, a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is erroneous. Welch v. Helvering, 290 U.S. 111, 115 (1933). Respondent provided sufficient predicate evidence connecting petitioner to the unreported income. Berkery v. Commissioner, 91 T.C. 179, 195 (1988). Thus, the notice of deficiency is presumed correct, and petitioner has the burden of proof.[2]

Petitioner contends that the $63,850 from McClain is attributable to DDR and that DDR is a separate legal entity from which he received a salary. Conversely, respondent contends that DDR does not exist, and that the $63,850 is attributable to petitioner. There is insufficient evidence to establish the

_____

[2] Sec. 7491(a) is inapplicable because petitioner failed to introduce credible evidence within the meaning of sec. 7491(a)(1).

existence of DDR.  Moreover, when petitioner was questioned at trial about how much of the $63,850 he was paid from DDR, he was evasive and responded:  "I don't have that information." Petitioner's testimony was not credible.  We conclude that he received $63,850 for the services he rendered to McClain, and we sustain the deficiencies as determined by respondent.

Respondent also determined additions to tax for failure to file tax returns, pursuant to section 6651(a)(1); timely pay tax, pursuant to section 6651(a)(2); and pay estimated income tax, pursuant to section 6654(a).  Respondent, pursuant to section 7491(c), has the burden of production relating to the additions to tax.

Respondent established that petitioner failed to file a return relating to 2002.  In addition, respondent, at trial, proffered an SFR that met the requirements of section 6020(b) and established that petitioner failed to timely pay tax relating to 2002.  See Wheeler v. Commissioner, 127 T.C. 200, 208-209 (2006). Petitioner did not establish reasonable cause for the failure to file or timely pay tax relating to 2002.  Sec. 6651(a)(1) and (2).  Accordingly, we sustain the section 6651(a)(1) and (2) additions to tax as determined by respondent.

In order to satisfy his burden of production relating to the section 6654 addition to tax, respondent, at a minimum, must

establish that petitioner had a required annual payment pursuant to section 6654(d)(1)(B).  Wheeler v. Commissioner, supra at 211.  The required annual payment is generally equal to the lesser of 90 percent of the tax shown for the subject taxable year (or, if no return was filed, 90 percent of the tax for such year), or 100 percent of the tax shown on the taxpayer's return for the preceding year.  Sec. 6654(d)(1)(B)(i) and (ii); Wheeler v. Commissioner, supra at 211.

Respondent established that petitioner had a tax liability relating to 2002 (i.e., the subject taxable year).  Respondent has not produced credible evidence relating to 2001 (i.e., the preceding year).  Respondent contends that his transcript (i.e., a "summary of Mr. Davenport's tax account of all the years opened [sic], returns filed, or not filed") demonstrates that petitioner did not file a return relating to 2001.  The transcript is reproduced in pertinent part below.

| Tax Period | Posted Return |
| --- | --- |
| 1986 | POSTED |
| 1987 | NONE |
| 1988 | NONE |
| 1990 | POSTED |
| 1992 | POSTED |
| 1993 | POSTED |
| 1994 | POSTED |
| 1995 | POSTED |
| 1996 | NONE |
| 1997 | POSTED |
| 1998 | NONE |
| 1999 | NONE |
| 2002 | SUBST4 |

At trial, respondent's only witness, Ms. Gallagher, testified that the transcript, as it relates to 2002, "shows that no return was filed by Mr. Davenport, but it shows a substitute for return was prepared by the IRS." Indeed, the transcript shows "SUBST4" relating to 2002. When Ms. Gallagher was asked whether petitioner filed a return relating to 2001, she stated that 2001 "is not even on this transcript [thus] no return [was] filed". We do not arrive at the same conclusion. The transcript makes reference to 13 of petitioner's tax years yet there is no reference to 2001. Moreover, the transcript indicates that returns were filed for certain years (i.e., "POSTED") and not filed for other years (i.e., "NONE"). Because there is no entry relating to 2001, we conclude that the transcript is insufficient to prove that petitioner failed to file a return for that year.

Without credible evidence relating to 2001, we cannot identify the number equal to 100 percent of the tax shown on petitioner's 2001 return (i.e., the preceding year), complete the comparison required by section 6654(d)(1)(B), or conclude that petitioner had a required annual payment relating to 2002. Wheeler v. Commissioner, supra at 211-212. Accordingly, respondent has not met his burden of production relating to, and petitioner is not liable for, the section 6654 addition to tax.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.