T.C. Memo. 2007-147

UNITED STATES TAX COURT

YURI G. GLOTOV, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6228-06.                    Filed June 13, 2007.

Yuri G. Glotov, pro se.

<u>Frederick Mutter</u> and <u>Carroll D. Lansdell</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined a deficiency in petitioner's 2003 Federal income tax of $4,721, as well as a penalty under section 6662 of $944.[1]

--------

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Amounts
(continued...)

The issues to be decided are: (1) Whether petitioner is entitled to business deductions incurred in connection with his software development activities in 2003; and (2) whether petitioner is liable for the accuracy-related penalty under section 6662.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in New York, New York, at the time the petition was filed.

During 2003, petitioner was employed by various companies as a computer programmer and/or consultant. In addition, in September 2003 petitioner purportedly initiated the development of a computer software business in which he was the sole proprietor. In this capacity, he was interested in developing software for use by financial companies.

Petitioner timely filed his Form 1040, U.S. Individual Income Tax Return, for 2003. Petitioner's Schedule C, Profit or Loss From Business, for 2003 reported that his computer software business had gross receipts of $17,149, incurred a car and truck expense of $3,977, incurred a labor expense of $7,070, and

---

[1](...continued)
are rounded to the nearest dollar.

claimed a depreciation deduction of $3,479[2] for the business use of his 2001 Ford Taurus SES (Ford Taurus). Petitioner did not elect to amortize these deductions as startup expenditures under section 195(b).

In September 2005, respondent initiated an audit of petitioner's 2003 return. As part of the audit, respondent requested petitioner to provide documentation to substantiate the Schedule C car and truck expense of $3,977, the labor expense of $7,070, and the depreciation deduction of $3,479 (business deductions at issue).

At a meeting, on October 4, 2005, between respondent's and petitioner's representatives, petitioner's representative[3] did not provide any documentation to substantiate these deductions or to show petitioner was carrying on a computer software business in 2003. On October 24, 2005, petitioner provided respondent with documentation in an attempt to substantiate the Schedule C car and truck expense and the depreciation deduction but provided no documentation to substantiate the labor expense or to show he was carrying on a computer software business in 2003.

---

[2] The deprecation deduction of $3,479 was determined using the 200 percent declining balance method and half-year convention. See sec. 168(b), (d).

[3] Petitioner's representative was not an enrolled return preparer, did not sign as a preparer on petitioner's 2003 return, and was not admitted to practice before the Tax Court.

Respondent determined petitioner's documentation did not substantiate the business deductions at issue and on January 4, 2006, mailed petitioner a notice of deficiency disallowing these deductions. Petitioner timely filed his petition on March 30, 2006.

On August 15, 2006, respondent's counsel mailed petitioner a letter requesting a meeting to discuss the case and any documentation petitioner wanted considered. In response, on August 17, 2006, petitioner mailed a letter stating that he would not meet with respondent's counsel before trial, that respondent had failed to comply with the Paperwork Reduction Act, and that respondent lacked the authority to assert income tax deficiencies. On September 29, 2006, respondent's counsel mailed another letter to petitioner requesting a meeting to discuss the case, discuss any additional information petitioner wanted considered, and prepare a stipulation of facts. Petitioner did not respond to the September letter or meet with respondent's counsel before trial. Petitioner signed the stipulation of facts on the day of trial, October 25, 2006.

OPINION

I.  Whether Petitioner Was Carrying On a Business in 2003

Petitioner contends the business deductions at issue were directly related to the operation of his computer software

business in 2003 and asserts he is entitled to deduct the car and truck expense of $3,977 and the labor expense of $7,070 under section 162 and depreciation of $3,479 for the use of the Ford Taurus under section 167.

Section 162(a) allows a deduction for the ordinary and necessary expenses of carrying on a trade or business. For a taxpayer to deduct expenses under section 162(a), the expenses must relate to a trade or business functioning at the time the expenses are incurred. Hardy v. Commissioner, 93 T.C. 684, 686 (1989), affd. in part and remanded in part per order (10th Cir., Oct. 29, 1990). A taxpayer is not carrying on a trade or business under section 162(a) until the business is functioning as a going concern and performing the activities for which it was organized. Richmond Television Corp. v. United States, 345 F.2d 901, 907 (4th Cir. 1965), vacated and remanded on other grounds 382 U.S. 68 (1965). Carrying on a trade or business requires a showing of more than initial research into or investigation of business potential. Dean v. Commissioner, 56 T.C. 895, 902 (1971); McKelvey v. Commissioner, T.C. Memo. 2002-63, affd. 76 Fed. Appx. 806 (9th Cir. 2003). Business operations must have actually commenced. McKelvey v. Commissioner, supra. Petitioner has the burden of proving he began operating his software development business in 2003. See Rule 142(a).

The record clearly indicates petitioner did not carry on a computer software business in 2003. Petitioner did not produce documentation showing he operated a computer software business in 2003. Although on his 2003 Schedule C he reported gross receipts of $17,149 from his business, the $17,149 was paid for work unrelated to the purported software business.

For the foregoing reasons, this Court finds petitioner did not carry on a trade or business as required under section 162. Therefore, he is not entitled to deduct the car and truck expense of $3,977 or the labor expense of $7,070. See McKelvey v. Commissioner, supra; Reems v. Commissioner, T.C. Memo. 1994-253; Estate of Miller v. Commissioner, T.C. Memo. 1991-515, affd. without published opinion 983 F.2d 232 (5th Cir. 1993).

Petitioner also claimed a depreciation deduction under section 167 of $3,479 for the use of his Ford Taurus in the computer software business. For a taxpayer to depreciate property under section 167, the property must be used in a trade or business or held for the production of income. Porreca v. Commissioner, 86 T.C. 821, 843 (1986); Flowers v. Commissioner, 80 T.C. 914, 931-932 (1983). The trade or business requirements under section 167 are the same as those under section 162. Lemmen v. Commissioner, 77 T.C. 1326, 1340 n.16 (1981); Miller v. Commissioner, supra. Petitioner was not engaged in a trade or business for purposes of section 162 in 2003. Accordingly, the

property he depreciated in connection with the same activity does not satisfy the trade or business requirement of section 167. Therefore, this Court finds petitioner is not entitled to the depreciation deduction of $3,479.

The expenses petitioner purportedly incurred, if substantiated, were at best start-up expenditures. Startup expenses are not deductible unless an election is made to amortize them under section 195(b) over a period starting when an active trade or business begins. See sec. 195(a). Petitioner did not make an election under section 195(b).

II. Tax-Protester Arguments

Petitioner also argued that respondent had not complied with the Paperwork Reduction Act and lacked the authority to assert income tax deficiencies. Petitioner's arguments have been rejected by this Court and other courts, and "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); see, e.g., Wheeler v. Commissioner, 127 T.C. 200, 204 n.9 (2006) (an allegation that the requirement to file a tax return is in violation of the Paperwork Reduction Act is contrary to well-established law); Nunn v. Commissioner, T.C. Memo. 2002-250. This Court rejects

petitioner's tax-protester arguments as frivolous and without merit.

III. <u>Section 6662 Penalty</u>

Respondent contends petitioner is liable for a section 6662 penalty because the underpayment of tax was attributable to negligence or disregard of rules or regulations.

Section 6662(a) imposes a 20-percent accuracy-related penalty on the portion of any underpayment attributable to negligence or disregard of rules or regulations.  Sec. 6662(b). The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, including any failure by the taxpayer to keep adequate books and records or to properly substantiate items, and the term "disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c); sec. 1.6662-3(b), Income Tax Regs. Section 7491(c) provides that the Commissioner bears the burden of production with respect to accuracy-related penalties.  See <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-447 (2001).

Although petitioner reported business costs incurred from the operation of a computer software business in 2003, the evidence shows that he was not carrying on a computer software business in 2003.  He failed to keep adequate books and records and properly substantiate the reported expenses.  Accordingly, he was not entitled to the claimed business deductions.

Therefore, respondent has met the burden of production, and petitioner, having failed to show reasonable cause or other basis for reducing the underpayment on which the penalty is imposed, is liable for the section 6662 penalty for negligence for 2003.  See sec. 1.6662-3(b)(3), Income Tax Regs.  The Court, in reaching its holding, has considered all arguments made and concludes that any arguments not mentioned above are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.