T.C. Memo. 2007-292


UNITED STATES TAX COURT


HUBERT JOUBERT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8769-06.                    Filed September 24, 2007.


     P failed to file a Federal income tax return for 2002.
R determined a deficiency and asserted in the notice of
deficiency, the answer, and the pretrial memorandum
additions to tax pursuant to secs. 6651(a)(1) and (2), and
6654(a), I.R.C.

     <u>Held</u>: P is liable for the deficiency and additions to
tax.


Hubert Joubert, pro se.

<u>Daniel J. Parent</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge: This case is before the Court on a petition for judicial review of a notice of deficiency in which respondent determined a $51,984[1] deficiency for petitioner's 2002 taxable year. The issues for decision are:

(1) Whether a $168,355 pension distribution to petitioner in 2002 pursuant to a qualified domestic relations order (QDRO) is includable in petitioner's 2002 taxable income;

(2) whether $8,119.20 of the $9,552 in Social Security benefits received by petitioner in 2002 is includable in petitioner's 2002 taxable income;

(3) whether petitioner is liable for additions to tax under section 6651(a)(1)[2] and (2) in the amounts of $4,120.43, and $3,204.78, respectively; and

(4) whether petitioner is liable for an addition to tax under section 6654(a) in the amount of $486.95 for failure to pay estimated income tax.

_____

[1] The actual amount of the deficiency remaining unpaid, $18,313 plus applicable penalties and interest, is significantly less because a portion of the tax due had been withheld.

[2] All section references are to the Internal Revenue Code of 1986, as amended and in effect for the taxable year at issue. The Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts and accompanying exhibits are hereby incorporated by reference into our findings. At the time he filed his petition, petitioner resided in Tracy, California.

In 2002, petitioner obtained a divorce. Pursuant to a QDRO issued the prior year, petitioner received a portion of his ex-wife's pension benefits, which were payable by SBC Communications, Inc., his ex-wife's former employer. The QDRO itself made clear that petitioner was responsible for all taxes incurred by reason of any benefits paid to him. On May 24, 2002, SBC Communications, Inc., issued a check to petitioner in the amount of $131,317.46. The gross amount of the check had been $168,355.71. However, $33,671.14 in Federal income tax and $3,367.11 in California State income tax had been withheld. During 2002, petitioner also received $9,552 in Social Security benefits.

For the 2002 taxable year, petitioner's only Federal income tax withholding was the aforementioned $33,671.14 withheld on the SBC Communications, Inc., pension distribution. The parties have stipulated that petitioner did not make any estimated tax payments for the 2002 taxable year.[3] Petitioner did not file a

---

[3] The $33,671.14 in Federal income tax withheld from the
(continued...)

Federal income tax return for either 2001 or 2002.  Respondent, pursuant to section 6020(b), filed a return for 2002 for petitioner.  Petitioner had single filing status for the 2002 taxable year.

On April 7, 2006, respondent issued the aforementioned notice of deficiency.[4]  Petitioner then filed a timely petition

---

[3](...continued)
pension distribution, whether creditable under sec. 31 or any other section, is treated either as a payment of estimated tax pursuant to sec. 6654(g)(1) or as a credit against tax under sec. 6654(f).  See Wheeler v. Commissioner, 127 T.C. 200, 211 n.13 (2006); Mendes v. Commissioner, 121 T.C. 308, 323 n.12 (2003).  Although we are not bound by stipulations of fact that are contrary to the facts reflected by the record, whether the $33,671.14 in Federal income tax withheld from the pension distribution was treated as a payment of estimated tax or a credit against estimated tax, the result is the same because petitioner underpaid his estimated tax for 2002 and because respondent calculated the addition to tax after accounting for the $33,671.14 in Federal income tax that had been withheld.

[4]  Before we proceed, it is worth noting that the notice of deficiency in this case was prepared in a haphazard manner.  In that regard, under the section for penalties and additions to tax, the notice of deficiency itself lists additions to tax under secs. 6651(a)(1) and 6654(a).  It does not list an addition to tax under sec. 6651(a)(2).  In addition, the Form 5564, Notice of Deficiency Waiver, sent together with the notice of deficiency, fails to list the sec. 6651(a)(2) addition to tax.  The sec. 6651(a)(2) addition to tax was listed only in the Form 4549, Income Tax Examination Changes, which was included as an attachment to the notice of deficiency.  Suffice it to note that respondent raised the sec. 6651(a)(2) addition to tax in his answer, albeit while misciting that section as sec. 6652(a)(2).  Although the quality of the notice of deficiency is inconsequential to the outcome in this case, we caution that the same might not be true in a future case involving a similarly defective notice of deficiency.  In any event, an internally inconsistent notice of deficiency might be confusing to a taxpayer and does not serve the interests of justice.

with this Court.  A trial was held on May 22, 2007, in San Francisco, California.

OPINION

I.  Parties' Contentions

Petitioner asserts that he believed that the $33,671.14 withheld on the SBC Communications, Inc., pension distribution constituted full payment of his Federal income tax for 2002.  In addition, he asserts that he has spent all of his money and has nothing left.  In his posttrial brief, petitioner asserts that he spent the money to pay his bills and for the benefit of his nonprofit foundation, "Starlight Productions, an alternative juvenile facility and rodeo school for at-risk youth in southern California."  In support of that contention, he has submitted a self-prepared statement, incorporated in his brief, detailing when and how he spent $123,705 of the pension distribution on Starlight Productions.[5]

Respondent argues, citing section 402(a) and 402(e)(1)(A), that petitioner must include in his 2002 income the $168,355.71 pension distribution.  Regarding the Social Security benefits,

---

[5]  At trial, petitioner testified that he had spent $123,705 of the QDRO pension distribution on Starlight Productions but chose not to detail the expenditures at that time.  Statements in brief are not evidence where they are not contained in the joint stipulation of facts or introduced as evidence at trial, where respondent would have been afforded the opportunity to cross-examine petitioner and provide rebuttal or impeachment testimony. See Rule 143(b).

respondent, citing section 86(a)(2) and 86(c)(2), asserts that because petitioner's gross income for 2002 exceeded the statutory adjusted base amount, 85 percent of petitioner's Social Security benefits for 2002, or $8,119, must be included in petitioner's 2002 income. Because petitioner did not file an income tax return for 2002, respondent asserts that petitioner is liable for an addition to tax under section 6651(a)(1). Next, respondent asserts that because petitioner failed to file a 2002 tax return, the Secretary filed one on petitioner's behalf pursuant to section 6020(b); that a return filed pursuant to section 6020(b) is treated as a return filed by the taxpayer for the purpose of determining whether an addition to tax for failure to pay is warranted under section 6651(a)(2); and that petitioner is liable for an addition to tax under section 6651(a)(2). Finally, respondent contends that petitioner is liable for an addition to tax under section 6654(a) for failing to pay estimated tax in 2002.

## II. Taxability of the Pension Distribution

As a general rule, the Commissioner's determination of a taxpayer's liability for an income tax deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 61(a) specifies that, "Except as otherwise provided", gross income includes "all income from whatever source

derived". Pensions are listed among the forms of income within the definition of section 61(a). Sec. 61(a)(11). Under section 402(a), a pension distribution is normally taxed to the distributee.[6] Pursuant to section 402(e)(1)(A), the spouse or former spouse is treated as the distributee with respect to distributions allocated to that spouse pursuant to a QDRO, and such distributions therefore become taxable income to that spouse. In this situation, the spouse receiving the distribution pursuant to the QDRO is also known as an "alternate payee". Secs. 402(e)(1)(A), 414(p)(8).

In 2002, petitioner received the $168,355.71 pension distribution as an alternate payee under the QDRO. As a consequence, he was required to include the full amount of that distribution in his 2002 income. Although the Court is sympathetic to petitioner's claimed financial hardship, his argument that he has spent the money primarily for eleemosynary purposes and may now be unable to pay his tax liability is irrelevant to the existence of the tax liability.

To the extent that petitioner asserts entitlement to charitable contribution deductions for asserted expenditures related to his foundation, the Court concludes that he has not carried the burden of proving entitlement to any such deductions.

---

[6] As a technical matter, sec. 402(a) provides that the distribution is taxable under sec. 72.

See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).[7] In that regard, many of petitioner's claimed expenditures relate to taxable years other than 2002, the only taxable year at issue in this case. In addition, some of the expenditures are vaguely described and do not appear to constitute charitable contributions. For instance, petitioner asserts that he spent $10,000 in 2002 on "vacations." Most importantly, petitioner has not demonstrated that any expenditures that might qualify for deduction were actually made, for instance, by submitting canceled checks or other proof. Although the Court applauds petitioner's efforts to help children, he has not demonstrated entitlement to any charitable contribution deductions for the 2002 taxable year.

III. Taxability of the Social Security Benefits

Section 86 contains a formula for taxing Social Security benefits. Although the formula is somewhat complex, the bottom line is that a single taxpayer whose modified adjusted gross income plus one-half of his Social Security benefits exceeds an

---

[7] As an initial matter, it is questionable whether petitioner's foundation even qualifies as an organization described in sec. 170(c)(2) for which a charitable contribution deduction can be taken under sec. 170(a). Although there is a Starlight Productions in California listed in IRS Publication 78, Cumulative List of Organizations Described in Section 170(c) of the Internal Revenue Code, it is unclear whether that organization is the one to which petitioner refers. In any event, for the reasons stated in this opinion, that issue has no bearing on the outcome of this case.

"adjusted base amount" of $34,000 must include in his gross income 85 percent of his Social Security benefits. Sec. 86(a)(2), (c)(2).

In this case, in light of our earlier conclusion that petitioner was required to include the full amount of the $168,355.71 pension distribution in his 2002 income, petitioner's 2002 modified adjusted gross income greatly exceeded $34,000, the statutory "adjusted base amount." As a consequence, 85 percent of the $9,552 in Social Security benefits that petitioner received in 2002, or $8,119.20, was taxable income to petitioner in 2002. Sec. 86(a)(2)(B).

IV. Additions to Tax

A. Respondent's Burden of Production

Under section 7491(c), respondent bears the burden of production with respect to a taxpayer's liability for penalties or additions to tax. This means that respondent must "come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty." Higbee v. Commissioner, 116 T.C. 438, 446 (2001). In instances where an exception to the penalty or addition to tax is afforded upon a showing of reasonable cause, the taxpayer bears the burden of demonstrating such cause. Id. at 446-447.

B.  Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a timely return unless it is shown that such failure is due to reasonable cause and not to willful neglect. "[R]easonable cause" is described by the applicable regulations as the exercise of "ordinary business care and prudence".  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.; see also United States v. Boyle, 469 U.S. 241, 246 (1985).  "[W]illful neglect" is interpreted as a "conscious, intentional failure or reckless indifference." United States v. Boyle, supra at 245.

Here, respondent has met the burden of production because petitioner has admitted that he failed to file a Federal income tax return for 2002.  Petitioner has not presented any evidence to suggest that his failure to file was due to reasonable cause. Although, at trial, petitioner testified that he thought that the Government had recouped all of the tax that he owed for 2002, that does not establish reasonable cause for failing to file a tax return.  See Knight v. Commissioner, T.C. Memo. 1984-376 (holding that an unconfirmed belief that petitioner did not owe tax did not constitute reasonable cause for failing to file a tax return).  Consequently, the Court sustains respondent's imposition of an addition to tax pursuant to section 6651(a)(1).

C. <u>Section 6651(a)(2) Addition to Tax</u>

Section 6651(a)(2) imposes an addition to tax for failure to pay the amount of tax shown on a return. That addition to tax applies only when an amount of tax is shown on a return. <u>Cabirac v. Commissioner</u>, 120 T.C. 163, 170 (2003). Under section 6651(g), a return prepared by the Secretary pursuant to section 6020(b) is treated as a return filed by the taxpayer for the purpose of determining the amount of an addition to tax under section 6651(a)(2).

Petitioner did not file a return for 2002. Nevertheless, respondent, pursuant to section 6020(b), filed a return for petitioner that qualifies as a return for purposes of section 6651(a)(2). See <u>Wheeler v. Commissioner</u>, 127 T.C. 200, 208-210 (2006). Petitioner failed to pay his entire 2002 tax liability as shown on the return filed by the Secretary pursuant to section 6020(b). Accordingly, respondent has met the burden of production with respect to the section 6651(a)(2) addition to tax. Because petitioner has not demonstrated reasonable cause and has offered no reason, other than that he spent all of his money, for failing to pay the amount of tax shown on his 2002 return, he is liable for an addition to tax pursuant to section 6651(a)(2).

D.   Section 6654(a) Addition to Tax

Section 6654(a) imposes an addition to tax for underpayment of estimated income tax by an individual taxpayer.  That addition to tax is computed by reference to four required installment payments of the taxpayer's estimated tax liability, each constituting 25 percent of the "required annual payment."  Sec. 6654(d)(1)(A).  For taxpayers whose adjusted gross income for the preceding year was $150,000 or less, the "required annual payment" is equal to the lesser of (1) 90 percent of the tax shown on the individual's return for that year or, if no return is filed, 90 percent of his or her tax for such year, or (2) if the individual filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return.  Sec. 6654(d)(1)(A), (B)(i) and (ii).

Here, petitioner failed to file a 2002 Federal income tax return and made no estimated tax payments for 2002.  Petitioner also failed to file a 2001 Federal income tax return.  Because petitioner did not file a return for the preceding taxable year, 2001, respondent has met his burden of producing evidence that petitioner had a required annual payment of estimated tax for 2002.

The Court also concludes that petitioner does not fit within any of the exceptions listed in section 6654(e).[8]  As a consequence, the Court sustains respondent's determination of the addition to tax pursuant to section 6654(a).

The Court has considered all of petitioner's contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[8]Sec. 6654(e) provides two exceptions to the sec. 6654(a) addition to tax.  First, the addition is not applicable if the tax shown on the taxpayer's return for the year in question (or, if no return is filed, the taxpayer's tax for that year), reduced for these purposes by any allowable credit for wage withholding, is less than $1,000.  Sec. 6654(e)(1).  Second, the addition is not applicable if the taxpayer's tax for the full 12-month preceding taxable year was zero and the taxpayer was a citizen or resident of the United States.  Sec. 6654(e)(2).  In light of our earlier conclusions regarding the taxability of the pension distribution and Social Security benefits, petitioner is liable for a deficiency for 2002 that net of withholding exceeds $1,000. And, because petitioner failed to file a 2001 Federal income tax return, it has not been shown that he had no tax liability in 2001.