T.C. Memo. 2014-28

UNITED STATES TAX COURT

DAVID K. WINTERROTH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13833-12.                    Filed February 12, 2014.

David K. Winterroth, pro se.

<u>Fred Edward Green, Jr.</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  The issues for decision are whether petitioner is liable for

income tax deficiencies relating to 2008, 2009, and 2010 (years in issue);

[*2] additions to tax pursuant to sections 6651(a)(1) and (2) and 6654; and a section 6673 penalty.[1]

## FINDINGS OF FACT

In 2008, 2009, and 2010 petitioner received wages from Republic Services of $57,519, $58,593, and $58,479, respectively. In 2009, petitioner received an individual retirement account (IRA) distribution of $2,000. Petitioner did not file Federal income tax returns or pay taxes relating to the years in issue, and respondent prepared substitutes for returns (SFRs) relating to these years. On February 27, 2012, respondent sent petitioner a notice of deficiency and determined deficiencies of $8,488, $8,794, and $8,063 relating to 2008, 2009, and 2010, respectively. In addition, respondent determined that petitioner was liable for section 6651(a)(1) and (2) additions to tax relating to the years in issue and section 6654 additions to tax relating to 2008 and 2009. On May 31, 2012, petitioner, while residing in Nevada, timely filed a petition with the Court. At trial, on October 30, 2013, respondent moved for the imposition of a section 6673 penalty.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3]                              OPINION

Petitioner contends that he has no Federal income tax liability but admits that he received from Republic Services compensation of $57,519, $58,593, and $58,479 relating to 2008, 2009, and 2010, respectively.[2]  In addition, respondent established that petitioner received an IRA distribution of $2,000 relating to 2009. See Weimerskirch v. Commissioner, 596 F.2d 358, 360-362 (9th Cir. 1979) (holding that the Commissioner's determination relating to unreported income is presumed correct where it is supported by a "minimal evidentiary foundation"), rev'g 67 T.C. 672 (1977).  Therefore, petitioner had income of $57,519, $60,593, and $58,479 relating to 2008, 2009, and 2010, respectively, and was required to file tax returns relating to these years.  See secs. 61(a), 6011(a), 6012(a).

Section 6651(a)(1) and (2) provides that a taxpayer shall be liable for additions to tax for failure to timely file a return and failure to timely pay tax, unless it is shown that such failure was due to reasonable cause and not willful neglect.  Pursuant to section 7491(c), respondent bears the burden of production

---

[2]Pursuant to sec. 7491(a), petitioner has the burden of proof unless he introduces credible evidence relating to the issue and satisfies certain other requirements.  See Rule 142(a).  Our conclusions, however, are based on a preponderance of the evidence, and thus the allocation of the burden of proof is immaterial.  See Martin Ice Cream Co. v. Commissioner, 110 T.C. 189, 210 n.16 (1998).

**[\*4]** relating to these additions to tax. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Respondent established that petitioner failed to file his returns and failed to pay the amounts shown on the 2008, 2009, and 2010 SFRs. See sec. 7491(c); Wheeler v. Commissioner, 127 T.C. 200, 206 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008). Petitioner's failure to timely file returns and timely pay his tax liabilities was the result of willful neglect and not reasonable cause. See sec. 6651(a)(1) and (2). Accordingly, he is liable for these additions to tax. See id.

Respondent further determined that petitioner was liable for section 6654 additions to tax relating to 2008 and 2009. To satisfy his burden of production, respondent must establish that petitioner was required, pursuant to section 6654(d)(1)(B), to make annual payments.[3] See Wheeler v. Commissioner, 127 T.C. at 211. Respondent failed to establish that petitioner had a 2007 tax liability and thus did not establish that petitioner was obligated to make a 2008 payment. See id. With respect to 2009, however, respondent met his burden (i.e., he established that petitioner did not file a 2008 return and was obligated, but failed, to make the 2009 requisite payment). Accordingly, petitioner is not liable for a

_____

[3]Pursuant to sec. 6654(d)(1)(B), a required annual payment is generally equal to the lesser of 90% of the tax shown for the subject taxable year (or, if no return was filed, 90% of the tax for such year), or 100% of the tax shown on the taxpayer's return for the preceding year.

**[*5]** section 6654 addition to tax relating to 2008 but is liable for a section 6654 addition to tax relating to 2009.

Petitioner instituted this proceeding primarily for delay and, despite this Court's warnings, persistently asserted frivolous contentions. We therefore impose a $10,000 section 6673(a)(1) penalty.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

An appropriate order and

decision will be entered.