T.C. Summary Opinion 2007-182


UNITED STATES TAX COURT


THOMAS EDWARDS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9025-06S.            Filed October 24, 2007.


<u>John G. Pierce</u>, for petitioner.

<u>Jeffrey S. Leuchtefeld</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>: This case was heard pursuant to section 7463 of the Internal Revenue Code in effect when the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Unless otherwise indicated, all section references are to

the Internal Revenue Code for the year in issue and all Rule

references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 2001

Federal income tax of $7,514 and additions to tax under section

6651(a)(1) of $1,691, under section 6651(a)(2) of $1,578, and

under section 6654 of $297.

After concessions,[1] the issues for decision are: (1)

Whether petitioner is entitled to business expense deductions for

2001 and (2) whether petitioner is liable for additions to tax

for failing to file a 2001 tax return, for failing to pay the

amount shown as due on a tax return, and for failing to pay

estimated taxes.

## Background

Some of the facts have been stipulated and are so found.

The stipulation of facts, with accompanying exhibits, is

incorporated herein by this reference.

At the time he filed the petition, petitioner resided in

Apopka, Florida. Petitioner has installed ceramic tile since

1957, and he operated a tile business in 2001. Petitioner

accepted checks in payment for work performed and cashed those

---

[1] At trial, respondent conceded that petitioner is entitled
to a filing status of married filing jointly and to a deduction
for home mortgage interest paid in 2001.

By stipulation, petitioner conceded that for 2001 he
received $7,224 of Social Security income and $27,066 of
nonemployee compensation, and did not file a 2001 tax return.

checks at the banks on which they were drawn. Petitioner paid workers and paid other expenses in cash. During 2001, petitioner used an extended-cab pickup truck to transport his crew and materials to tile jobs.

Petitioner did not make any estimated tax payments and did not pay any withholding taxes in 2001. Petitioner did not file a tax return for either 2000 or 2001.

Pursuant to section 6020(b), respondent prepared a substitute for return for 2001. Respondent included self-employment income reported on Forms 1099-MISC, Miscellaneous Income, and Social Security benefits reported on Form SSA-1099, Social Security Benefit Statement, on the substitute for return. Respondent allowed a personal exemption and a standard deduction on the substitute for return.[2] Respondent issued a notice of deficiency. Petitioner timely filed a petition for redetermination.

## Discussion

The parties have stipulated the items of income but dispute whether petitioner is entitled to deductions for expenses related to his tile business.[3] Petitioner did not submit a Schedule C,

---

[2] As indicated _supra_ note 1, respondent concedes the filing status and home mortgage interest deduction.

[3] Respondent does not dispute that petitioner's installation of tile in 2001 qualifies as a trade or business for Federal income tax purposes. On the record as a whole, the Court presumes
(continued...)

Profit or Loss From Business, reflecting expense deductions claimed. Rather, he claims deductions for cash payments to his crew and for costs of transporting his crew and materials to tile jobs. We will address these deductions first and then consider the additions to tax determined by respondent.

I. <u>Burden of Proof</u>

    A. <u>Deficiency</u>

In general, a taxpayer bears the burden of proof. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). The burden of proof on factual issues that affect the taxpayer's liability may be shifted to the Commissioner if the taxpayer introduces credible evidence with respect to such issues and satisfies the requirements under section 7491(a)(2) to substantiate items, maintain required records, and cooperate fully with the Commissioner's reasonable requests. Sec. 7491(a).

The burden of proof with respect to the deficiency respondent determined remains with petitioner because he has neither taken a position as to whether the burden should be shifted to respondent nor established that he has complied with the requirements of section 7491(a).[4]

---

[3](...continued)
that petitioner's business was a sole proprietorship.

[4] Even though petitioner did not assert a reasonable dispute with respect to the income reported on the Forms 1099-MISC, Miscellaneous Income, so as to require respondent to verify the
(continued...)

B.  Additions to Tax

Pursuant to section 7491(c), the Commissioner has the burden of production as to whether a taxpayer is liable for an addition to tax.  To meet this burden, he must produce sufficient evidence showing that imposition of the addition to tax is appropriate in the particular case.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Once respondent meets this burden, petitioner must come forward with persuasive evidence that respondent's determination is incorrect.  See Rule 142(a); Higbee v. Commissioner, supra at 447.  As a defense to the additions to tax, petitioner bears the burden of proof regarding reasonable cause and lack of willful neglect or the applicability of an exception.  Secs. 6651(a), 6654(e).

II.  Business Expense Deductions

As a general rule, section 162(a) authorizes deductions for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  Taxpayers are required to maintain records sufficient to substantiate each claimed deduction.  Sec. 6001; Hradesky v.

---

[4](...continued)
information returns per sec. 6201(d), respondent introduced in evidence canceled checks substantiating most of the payments. Moreover, the parties stipulated the nonemployee compensation income.

Commissioner, 65 T.C. 87, 89-90 (1975), affd. 540 F.2d 812 (5th Cir. 1976); sec. 1.6001-1(a), Income Tax Regs.

When a taxpayer adequately establishes that he paid or incurred a deductible expense but does not establish the precise amount, we may in some circumstances estimate the allowable deduction, bearing heavily against the taxpayer whose inexactitude is of his own making. Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930).

We can estimate the amount of the deductible expense only when the taxpayer produces evidence sufficient to establish a rational basis upon which the estimate can be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Petitioner claims deductions for (1) compensation paid to his crew and (2) business transportation expenses. He asks the Court to accept his testimony as to the amounts paid and the expenses incurred, and to estimate the deductions allowable. We discuss these expenses in turn.

A.  Compensation Expense Deductions

Petitioner asserts that he hired several people in 2001 to help him install tile. Petitioner dealt primarily in cash. He paid his helpers in cash. He did not issue or file Forms 1099-MISC. He explained that he did not have a bank account for the business because checks made out in the name of a company were difficult to cash.

Petitioner stated that Michael McKinney (Mr. McKinney), whom petitioner referred to as his son, maintained records of how many weeks each helper worked so that each could be paid.

Melvin Burrell (Mr. Burrell), identified at trial as petitioner's other son, worked in petitioner's tile business for at least 15 years. Petitioner and Mr. Burrell each testified as to the following distribution of cash among petitioner and his crew in 2001:

| Recipient | Payment |
|---|---|
| Petitioner | $8,000 |
| Michael McKinney | 8,000 |
| Melvin Burrell | 4,500 |
| Arthur Edwards | 4,500 |
| Jeff Robinson | 800 |
| Berian Justice | 800 |
| Total cash distributed | 26,600 |
| Total paid to workers | 18,600 |

Mr. Burrell claimed that he worked for petitioner for the entire year 2001, working a standard 8 hours per day, 5 days a week. Mr. Burrell did not report the $4,500 he claims petitioner paid him in 2001 or file a tax return for 2001. Mr. Burrell testified that he did not file a 2001 tax return because he did not receive a Form 1099-MISC from petitioner.

Compensation is deductible as a trade or business expense only if it is (1) reasonable in amount, (2) based on services actually rendered, and (3) paid or incurred. See O'Connor v. Commissioner, T.C. Memo. 1986-444; sec. 1.162-7(a), Income Tax Regs.

Petitioner claims he paid each worker, in cash, more than the $600 reporting threshold of section 6041(a).  However, he failed to prepare or submit the required information returns to the Internal Revenue Service.  See sec. 1.6041-1(a)(1) and (2), Income Tax Regs.  Petitioner asserted that Mr. McKinney maintained records of how much each person worked so each could be paid, but petitioner did not produce any records to support payments to his crew and did not call Mr. McKinney to testify at trial.

We are not required to, and do not, accept petitioner's self-serving testimony without corroborating evidence.  See Geiger v. Commissioner, 440 F.2d 688, 689-690 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159; Lerch v. Commissioner, T.C. Memo. 1987-295, affd. 877 F.2d 624 (7th Cir. 1989).

Mr. Burrell claimed that he earned $4,500 for working full time for petitioner in 2001.  The Court does not find this testimony credible.  Accordingly, Mr. Burrell's testimony does not corroborate petitioner's testimony.

To the extent such payments of compensation were made, petitioner did not produce adequate records.  Mr. Burrell's failure to report the $4,500 he claims he was paid casts doubt on whether any amounts were actually paid.  Petitioner's failure to file information returns casts further doubt as to the compensation payments.  See Haeder v. Commissioner, T.C. Memo.

2001-7; Martens v. Commissioner, T.C. Memo. 1990-42, affd. without published opinion 934 F.2d 319 (4th Cir. 1991).

Petitioner did not introduce any credible evidence which would provide a basis for the Court to conclude that deductible compensation was paid. Nor is there sufficient evidence to estimate the amount of compensation paid. We conclude that petitioner is not entitled to a business expense deduction for the $18,600 he claims he paid to his crew.[5]

B. Transportation Expense Deductions

Petitioner asserts that his truck was driven approximately 100,000 miles during 2001 for his business and that Mr. McKinney kept all the receipts for gasoline purchases and other business expenses. Mr. Burrell asserts that it was he who drove petitioner's truck to the job sites and that he drove close to 100,000 miles for the business in 2001.

Section 274(d) supersedes the general rule of Cohan v. Commissioner, supra, and prohibits the Court from estimating the taxpayer's expenses with respect to certain items. Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412

---

[5] The Court notes that each member of petitioner's crew is related to petitioner (two sons, two nephews, and a grandson). When deductions are claimed for compensation paid to family members, the Court carefully scrutinizes the transactions. Hamdi v. Commissioner, T.C. Memo. 1993-38, affd. without published opinion 23 F.3d 407 (6th Cir. 1994). Because we conclude that petitioner has failed adequately to substantiate the payments claimed, further scrutiny is not required.

F.2d 201 (2d Cir. 1969).  Section 274(d) imposes strict substantiation requirements for, inter alia, traveling expenses and expenses with respect to listed property.  Listed property is defined in section 280F(d)(4) to include passenger automobiles and other property used for transportation.

Pursuant to section 274(d), a taxpayer must substantiate a claimed automobile expense with adequate records or sufficient evidence corroborating his own testimony as to:  (1) The amount of the expenditure; (2) the mileage for each business use of the automobile and the total mileage for all use of the automobile during the taxable period; (3) the date of the business use; and (4) the business purpose for the use of the automobile.  Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Petitioner seeks to deduct expenses for driving to job sites throughout Florida.  The only detail he offers is vague testimony of roughly 100,000 miles driven in 2001.  Aside from his own self-serving testimony and the testimony of Mr. Burrell, petitioner has not offered any evidence to satisfy the threshold requirement of showing that any transportation expenses were paid or incurred in carrying on a particular trade or business.  A fortiori, such evidence necessarily falls short of meeting the heightened substantiation requisites of section 274.

Petitioner failed to satisfy the substantiation requirements of section 274(d) and introduced no receipts for gasoline or other transportation expenses. The expenses claimed for transporting crew and materials and for business use of a truck in 2001 are not deductible.

## III. Additions to Tax

Respondent determined additions to tax for failure to file a tax return, sec. 6651(a)(1), for failure to pay tax reported on a return, sec. 6651(a)(2), and for failure to pay estimated tax, sec. 6654(a).

Petitioner routinely hired a tax return preparer. He claimed that he turned the responsibility for managing the financial aspects of his business over to Mr. McKinney in 2000.

Petitioner argues that he should not be held liable for the additions to tax because he relied on Mr. McKinney to prepare and file his tax returns.

### A. Section 6651(a)(1): Failure To File a Tax Return

The parties stipulated that petitioner did not file a Federal income tax return for 2001 and that he had gross income of $34,290. His income exceeded the threshold of section 6012(a)(1)(A). Therefore, he had an obligation to file a return.

Respondent made a substitute for return for petitioner under section 6020(b). A return prepared under section 6020(b) is to

be disregarded for purposes of determining the amount of the addition to tax under section 6651(a)(1).  Sec. 6651(g)(1).

Respondent has met his burden of production under section 7491(c) with respect to imposing the addition to tax under section 6651(a)(1).  Accordingly, it is petitioner's burden to prove that he had reasonable cause and lacked willful neglect in not filing his return.  See sec. 6651(a); United States v. Boyle, 469 U.S. 241, 245 (1985); Higbee v. Commissioner, 116 T.C. at 446-447; sec. 301.6651-1(a)(1), Proced. & Admin. Regs.

Petitioner claimed that for 2001 Mr. McKinney promised to handle the record keeping for the business and to hire someone to prepare and file the tax returns.  He asserts that he relied on Mr. McKinney's promise and only learned that Mr. McKinney had not kept this promise when he received the notice of deficiency from respondent.

A taxpayer has a duty to file a complete and accurate tax return and cannot avoid that duty by placing responsibility with an agent.  United States v. Boyle, supra at 252; Metra Chem Corp. v. Commissioner, 88 T.C. 654, 662 (1987).  "Morever, it is well established that an * * * [agent's] failure to prepare and file a return does not itself constitute reasonable cause for failure to file within the meaning of section 6651(a)."  Bradley v. Commissioner, 57 T.C. 1, 11 (1971).

Mr. McKinney's failure to meet petitioner's expectations with respect to preparing and filing petitioner's tax return does not excuse petitioner's failure to file his own tax return.

Because petitioner has failed to offer satisfactory evidence of reasonable cause and lack of willful neglect for his failure to file, respondent's determination that he is liable for the addition to tax under section 6651(a)(1) is sustained.

B.  Section 6651(a)(2):  Failure To Pay Amount Shown as Tax

Respondent has met his burden of production under section 7491(c) with respect to imposing the addition to tax under section 6651(a)(2) because the record clearly reflects that petitioner did not pay the amount shown as due on a tax return.[6]

As with petitioner's failure to file, discussed above, petitioner's reliance on Mr. McKinney does not excuse petitioner's failure to pay the tax due for 2001.

Petitioner failed to offer sufficient evidence of reasonable cause and lack of willful neglect for his failure to pay the tax due for 2001.  Accordingly, respondent's determination that petitioner is liable for the addition to tax under section 6651(a)(2) is sustained.

---

[6] Under sec. 6651(g)(2), the substitute for return is to be treated as a return filed by petitioner for purposes of determining the amount of the addition to tax under sec. 6651(a)(2).

C.  Section 6654: Failure To Pay Estimated Income Tax

Section 6654 imposes an addition to tax for failure to make timely and sufficient payments for estimated taxes.  Petitioner challenged the applicability of each addition to tax respondent determined.  Therefore, in order to satisfy his burden of production under section 7491(c) for the section 6654 addition to tax, respondent must produce the evidence necessary to enable the Court to conclude that petitioner had an obligation to make an estimated tax payment.  Wheeler v. Commissioner, 127 T.C. 200, 211 (2006).  Specifically, respondent must produce evidence showing that petitioner had a "required annual payment" as defined by section 6654(d)(1)(B) for the year at issue.  Id.

Under section 6654(d)(1)(B), "required annual payment" means the lesser of--

> (i) 90 percent of the tax shown on the return for the taxable year (or, if no return is filed, 90 percent of the tax for such year), or

> (ii) 100 percent of the tax shown on the return of the individual for the preceding taxable year.

> Clause (ii) shall not apply if the preceding taxable year was not a taxable year of 12 months or if the individual did not file a return for such preceding taxable year.

Petitioner did not file a tax return for 2000.  Therefore, under the flush language of section 6654(d)(1)(B), clause (ii) does not apply with respect to determining the required annual payment for 2001.  Petitioner had a tax liability for 2001 but

did not file a tax return for 2001. Therefore, the Court concludes that petitioner had a required annual payment for 2001, pursuant to the parenthetical language in section 6654(d)(1)(B)(i).

The section 6654 addition to tax is mandatory unless petitioner can place himself within one of the computational exceptions provided by section 6654(e). See Recklitis v. Commissioner, 91 T.C. 874, 913 (1988); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). There is no exception for reasonable cause or lack of willful neglect. Estate of Ruben v. Commissioner, 33 T.C. 1071, 1072 (1960).

Petitioner has not shown that any of the statutory exceptions under section 6654(e) applies. Respondent's determination as to the addition to tax under section 6654(a) is sustained.

Respondent's determinations are sustained except to the extent of concessions made.

To reflect the foregoing,

Decision will be entered

under Rule 155.