T.C. Memo. 2021-75

UNITED STATES TAX COURT

MONTY ERVIN, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 485-15.                                    Filed June 23, 2021.

<u>Thomas M. Goggans</u>, for petitioner.

<u>Edwin B. Cleverdon</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  Petitioner failed to file Federal income tax returns for

2000-2009 and was convicted of tax crimes for 2004-2006.  In June 2012 he was

sentenced to imprisonment and ordered to pay restitution of $1,436,508, the

amount of the Government's estimated tax loss.  After petitioner was remanded to

custody, the Internal Revenue Service (IRS or respondent) completed a civil ex-

[*2] amination of his 2002-2007 tax years. In 2014 it sent him notices of deficiency determining deficiencies for those years based on the tax loss figures used in the sentencing. The IRS also determined additions to tax under sections 6651(a)(1), 6651(a)(2), 6651(f), and 6654.[1] Petitioner timely petitioned this Court in January 2015 and (about a year later) fully satisfied his restitution obligation.

Respondent has moved for summary judgment. Petitioner does not dispute the deficiencies. But because he has fully paid the deficiencies by virtue of his restitution payments, which were credited against his tax liabilities, he insists that he should not be liable for any additions to tax. Because the additions to tax accrued before the restitution was ordered or paid, we find that petitioner is liable for these amounts, subject to certain concessions by respondent. We will therefore grant respondent's motion for summary judgment to the extent set forth in this opinion.

## Background

Petitioner was married to Patricia Ervin at all relevant times. Together they owned real estate management companies that received substantial rental income,

---

[1]Unless otherwise indicated, all statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

**[*3]** often paid in cash. But they filed no Federal income tax returns and made no Federal income tax payments for tax years 2000 through 2009.

In February 2011 petitioner and his wife were indicted in the U.S. District Court for the Middle District of Alabama for conspiracy to defraud the United States in violation of 18 U.S.C. sec. 371, attempting to evade or defeat tax in violation of section 7201, and aiding and abetting the same in violation of 18 U.S.C. sec. 2. The indictment charged that petitioner and his wife "did willfully attempt to evade and defeat the income tax due and owing * * * by failing to make an income tax return" for 2004-2006. The alleged overt acts included purchasing and selling property in the names of nominees and trusts, creating false warranty deeds to facilitate the transfer of such property, and engaging in "structuring trans-actions" (making bank deposits in amounts slightly below $10,000) to avoid finan-cial reporting requirements.

In November 2011 a jury convicted petitioner and his wife on most counts, including tax evasion for 2004-2006. On June 1, 2012, petitioner was sentenced to 10 years' imprisonment and ordered to pay restitution of $1,436,508, the amount of the Government's estimated tax loss for 2000-2009. The tax loss, for which petitioner and his wife were jointly and severally liable, was calculated by estimating the couple's gross income for each year (chiefly rents), allowing rent-

**[*4]** related expenses and other deductions, and computing tax on the taxable income thus determined.

After petitioner was remanded to custody, the IRS completed a civil examination of his individual income tax liabilities for 2002-2007. On February 26, 2014, the IRS prepared and certified, for each year, a substitute for return (SFR) that met the requirements of section 6020(b). For 2002 through 2006 the SFRs determined that petitioner's income and deductions were equal to 50% of the amounts used to compute the couple's restitution obligation. For 2007 the SFR determined that petitioner's income and deductions were equal to 100% of the amounts used to compute the couple's restitution obligation.

On October 2, 2014, the IRS sent petitioner two notices of deficiency, one for 2002-2004 and the other for 2005-2007. These notices determined deficiencies based on the income and deductions allocated to petitioner in the SFRs. The notices also determined additions to tax under section 6651(a)(1) for failure to file, under section 6651(a)(2) for failure to pay, under section 6654 for failure to pay estimated tax, and under section 6651(f) for fraudulent failure to file (for 2004-2006 only).

In subsequent filings with the Court respondent has adjusted the calculations set forth in the notices of deficiency. For 2007 respondent concedes that

[*5] petitioner should be allocated 50% (rather than 100%) of the income and deductions used to compute the couple's restitution obligation. Respondent has accordingly revised downward the deficiencies and additions to tax for 2007. Respondent has updated the section 6651(a)(2) computations and slightly reduced his calculation of the section 6651(f) additions to tax for 2004-2006. Respondent now contends that petitioner is liable for deficiencies and additions to tax as follows:

|  |  | Additions to tax | | | |
|---|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6651(f) | Sec. 6654 |
| 2002 | $77,955 | $17,540 | $19,489 | --- | $2,605 |
| 2003 | 100,041 | 22,509 | 25,010 | --- | 2,581 |
| 2004 | 103,659 | --- | 25,915 | $75,153 | --- |
| 2005 | 75,048 | --- | 18,762 | 54,410 | --- |
| 2006 | 113,630 | --- | 28,408 | 82,382 | --- |
| 2007 | 49,545 | 11,148 | 12,386 | --- | 2,255 |

Petitioner timely petitioned for redetermination in January 2015. In his petition, filed pro se from prison, he alleged no errors in the IRS' determinations. Rather, he asserted that the U.S. Department of Justice (DOJ) had been holding (as potential evidence) gold coins seized from him that "could be used to pay towards the IRS determined deficit." Those gold coins were auctioned off in September 2015 for $388,155 and that amount was applied toward petitioner's restitution

[*6] obligation.  On January 25, 2016, the DOJ certified to the District Court that petitioner's restitution obligation had been paid in full.

In February 2016 counsel entered an appearance for petitioner.  The case was continued several times because petitioner remained incarcerated.  In August 2019, in response to a request for admissions, petitioner admitted through counsel that:  (1) he failed to file returns for 2002-2007; (2) he failed to make timely payments of income tax and estimated tax for 2002-2007; and (3) he lacked reasonable cause for those failures.  Petitioner also admitted that 50% of the income and deductions used to calculate the joint and several restitution obligation were properly allocated to him.  The spreadsheet calculating the Government's tax loss, on which the sentencing court based petitioner's restitution obligation, shows that petitioner failed to file returns for 2000-2009.

On October 15, 2020, respondent filed a motion for summary judgment.  Respondent contends that petitioner is liable for the deficiencies and additions to tax determined for 2002-2007, adjusted for the concessions mentioned previously.  In support of the deficiencies and the additions to tax determined under sections 6651(a)(1), 6651(a)(2), and 6654, respondent relies on petitioner's admissions as set forth above.  In support of the section 6651(f) additions to tax, imposed for fraudulent failure to file for 2004-2006, respondent relies on petitioner's admis-

**[*7]** sions and the collateral estoppel effect of his conviction of criminal tax evasion.

The sole argument petitioner advanced in response to the motion for summary judgment is that "he has paid [F]ederal income taxes for the taxable years 2002-2007" by virtue of his restitution payments. He urges that he lacks the ability to make any further payments, citing an IRS letter dated April 22, 2020, confirming that his account had been placed in "currently not collectible" status. The letter stated: "We temporarily closed your collection case for * * * [tax years 2000-2009]. We determined you don't have the ability to pay the money you owe at this time. Although we have temporarily closed your case, you still owe the money to the IRS. We may re-open your case in the future if your financial situation improves."

## Discussion

### A.    Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly, unnecessary, and time-consuming trials. See FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74 (2001). We may grant summary judgment regarding issues as to which there is no genuine dispute of material fact and a decision may be rendered as a matter of law. Rule 121(b); see Sundstrand Corp. v. Commissioner, 98

[*8] T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. Sundstrand Corp., 98 T.C. at 520. However, the nonmoving party "may not rest upon the mere allegations or denials" of his pleadings but instead "must set forth specific facts showing that there is a genuine dispute" for trial. Rule 121(d); see Sundstrand Corp., 98 T.C. at 520. Petitioner has not alleged, and we do not discern, any genuine dispute of material fact that prevents summary adjudication of the issues presented.

B.    Restitution Background

Section 6201(a)(4)(A) provides that "[t]he Secretary shall assess and collect the amount of restitution * * * [ordered by a sentencing court] for failure to pay any tax imposed under this title in the same manner as if such amount were such tax." The IRS may not make such an assessment until the defendant has exhausted all appeals and the restitution order has become final. See sec. 6201(a)(4)(B). The restrictions on assessment imposed by section 6213 do not apply to restitution-based assessments. See sec. 6213(b)(5). The IRS therefore is not required to send the taxpayer a notice of deficiency before making an assessment of this kind.

[*9]  In Klein v. Commissioner, 149 T.C. 341, 362 (2017), we held that "additions to tax do not arise on amounts assessed under section 6201(a)(4)." That is because a defendant's restitution obligation "is not a civil tax liability," id. at 361, or a "tax required to be shown on a return," ibid. (quoting section 6651(a)(3)).  Rather, restitution is assessed "in the same manner as if such amount were such tax."  Sec. 6201(a)(4)(A) (emphasis added).  But we explained that the IRS was not thereby disabled from collecting such sums.  "If the IRS wishes to collect * * * additions to tax, it is free to commence a civil examination of * * * [the taxpayer's] returns at any time."  Klein, 149 T.C. at 362.

The IRS properly followed that procedure here.  It made the assessment after the restitution order became final.  It subsequently commenced a civil examination of petitioner's individual liabilities for 2002-2007 and prepared SFRs, allocating him a portion of the relevant income and deductions.  See supra pp. 4-5.  It then calculated additions to tax based on the deficiencies so determined.

C.   Deficiencies

Petitioner has admitted that 50% of the income and deductions for 2002-2007 are properly allocated to him, and he does not dispute respondent's calculation of the tax liabilities arising on the taxable income determined for each year.

**[*10]** In responding to the summary judgment motion he cites the well established proposition that "any amount paid as restitution for taxes owed must be deducted from any judgment entered for unpaid taxes." United States v. Helmsley, 941 F.2d 71, 102 (2d Cir. 1991). And he notes that the IRS may not collect both criminal restitution and civil tax liability for the same period "as such would constitute an impermissible double collection."

To the extent petitioner intends these observations as a challenge to the deficiencies determined for 2002-2007, his argument is misguided. Where (as here) no rebates are involved, a "deficiency" is defined as the amount by which the correct tax for the year exceeds the sum of (A) "the amount shown as the tax by the taxpayer upon his return" and (B) "the amounts previously assessed (or collected without assessment) as a deficiency." Sec. 6211(a)(1). Petitioner does not dispute that respondent's revised calculations determine his correct tax for each year. Because he filed no returns for any year, the amount shown as tax on his return was zero in each case. And the amounts that the IRS "previously assessed * * * as a deficiency" were likewise zero: Those amounts were not assessed as a deficiency in tax but as restitution "in the same manner as if such amount were such tax." Sec. 6201(a)(4)(A).

[*11] In short, petitioner's "deficiency" for each year is equal to his correct tax for each year, and he does not challenge respondent's revised calculations of his correct tax. We therefore sustain the deficiencies for 2002-2007 as revised by respondent. See supra p. 5. Because the deficiencies have been fully paid via restitution, the IRS cannot collect the deficiencies again. Determination of the deficiencies in these circumstances is chiefly relevant for purposes of determining applicable additions to tax.

D. Additions to Tax

Petitioner advances two generic arguments against the additions to tax. He contends that no additions to tax should apply because he has fully paid the deficiencies via restitution. And he contends that he lacks the ability to pay, noting that the IRS has already placed his account in "currently not collectible" status. Neither argument has merit.

Respondent agrees that "restitution payments are payments of tax, so a restitution payment should stop I.R.C. § 6651 and 6654 additions to tax from accruing." But petitioner did not complete payment of the restitution until January 2016. The additions to tax for 2002-2006 had fully accrued before June 1, 2012, when the sentencing court entered the restitution order in his criminal case. The additions to tax for 2007 had likewise accrued before June 1, 2012, except for a

[*12] tiny slice of the addition to tax for late payment. The balance of the latter sum had fully accrued before any restitution payment was credited to petitioner's 2007 account. Petitioner's payment of restitution thus has no bearing on his liability for additions to tax.[2]

Petitioner's second argument is no better. Inability to pay is not a defense, on the merits, to the additions to tax. Petitioner represents that the IRS has placed his 2000-2009 accounts in "currently not collectible" status. If that should change and the IRS should seek to collect additions to tax for 2002-2007, petitioner may request a collection due process hearing and urge inability to pay as a proper ground for a collection alternative. See sec. 6330(c)(2)(A)(iii).

1.    Failure To File

Section 6651(a)(1) provides for an addition to tax of 5% of the tax required to be shown on the return for each month or fraction thereof for which there is a failure to file the return, not to exceed 25% in toto. Respondent determined additions to tax under this provision for 2002, 2003, and 2007. Respondent has the burden of production on this issue. See sec. 7491(c).

---

[2]If petitioner's restitution payments exceed the deficiencies we have determined for 2002-2007, those payments may be available for credit against other unpaid tax liabilities he may have, including the additions to tax discussed in the text.

**[*13]** Petitioner has admitted that he did not timely file a return for 2002, 2003, or 2007. This is sufficient to satisfy respondent's burden of production. See Gates v. Commissioner, 135 T.C. 1, 14 (2010). Petitioner has admitted his inability to show that his failures to file were "due to reasonable cause and not due to willful neglect." See sec. 6651(a)(1). We will accordingly sustain respondent's revised determination of additions to tax under section 6651(a)(1). See supra p. 5.

    2.      Fraudulent Failure To File

Section 6651(f) provides that, "[i]f any failure to file any return is fraudu-lent," the addition to tax imposed by section 6651(a)(1) shall accrue at a rate of 15% per month, not to exceed 75% in the aggregate. Respondent determined additions to tax under this provision for 2004-2006, the years for which petitioner was convicted of criminal tax evasion. Respondent has the burden of production and burden of proof on this issue. See secs. 7454(a), 7491(c).

Petitioner has admitted that he did not file a timely return for 2004, 2005, or 2006. This is sufficient to satisfy respondent's burden of production. See Gates, 135 T.C. at 14. Petitioner has admitted his inability to show that his failures were "due to reasonable cause and not due to willful neglect." See sec. 6651(a)(1). And he has admitted that, as alleged in the indictment, he "did willfully attempt to evade and defeat the income tax due and owing * * * by failing to make an income

[*14] tax return" for 2004-2006. In any event, collateral estoppel would prevent him from denying that his failure to file for these years was fraudulent. See DiLeo v. Commissioner, 96 T.C. 858, 885 (1991), aff'd, 959 F.2d 16 (2d Cir. 1992); George v. Commissioner, T.C. Memo. 2015-158, aff'd, 837 F.3d 79 (1st Cir. 2016). We will accordingly sustain respondent's revised determination of additions to tax under section 6651(f) for 2004-2006. See supra p. 5.

### 3. Failure To Pay

Section 6651(a)(2) provides for an addition to tax when a taxpayer fails to pay timely the tax shown on a return unless the taxpayer proves that the failure was due to reasonable cause and not due to willful neglect. To meet his burden of production under section 7491(c) with respect to the section 6651(a)(2) addition to tax, respondent must provide evidence of a tax return. See Wheeler v. Commissioner, 127 T.C. 200, 208-211 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008). An SFR that meets the requirements of section 6020(b) is treated as the "return" filed by the taxpayer for this purpose. See sec. 6651(g)(2).

Respondent determined additions to tax under section 6651(a)(2) for 2002-2007. He has met his burden of production by producing certified copies of the SFRs that the IRS prepared on petitioner's behalf for these years. Petitioner did not timely pay the tax shown on the SFRs, and he has admitted his inability to

[*15] show that these failures were "due to reasonable cause and not due to willful neglect." See sec. 6651(a)(2). We will accordingly sustain respondent's revised determination of additions to tax under section 6651(a)(2). See supra p. 5.

4.    Failure To Pay Estimated Tax

Section 6654 imposes an addition to tax on an individual who underpays his estimated tax. The addition to tax is calculated with reference to four required installment payments of the taxpayer's estimated tax liability. Sec. 6654(c) and (d). Each required installment is equal to 25% of the "required annual payment." Sec. 6654(d). Respondent's burden of production under section 7491(c) requires him to produce, for each year for which the addition is asserted, evidence that the taxpayer had a "required annual payment." See Wheeler, 127 T.C. at 211.

Where the taxpayer filed no return for the current tax year or the immediately preceding tax year, the "required annual payment" is equal to 90% of the tax due for the current year. Sec. 6654(d)(1)(B). Respondent determined additions to tax under section 6654 for 2002, 2003, and 2007. Petitioner has admitted that he did not file returns for 2002 and 2006, and respondent has produced evidence showing that petitioner did not file a return for 2001. Respondent has therefore satisfied his burden of production. See Wheeler, 127 T.C. at 212.

**[\*16]** Petitioner's "required annual payment" thus equaled 90% of the tax due for 2002, 2003, and 2007.  <u>See</u> sec. 6654(a), (d)(1)(B).  Petitioner has admitted that he made no estimated tax payments for any of these years.  We will accordingly sustain respondent's revised determination of additions to tax under section 6654.  <u>See</u> <u>supra</u> p. 5.

To reflect the foregoing and respondent's concessions,

<u>An appropriate order will be issued,</u>

<u>and decision will be entered under</u>

<u>Rule 155</u>.