# United States Tax Court

T.C. Summary Opinion 2023-35

SEAN PAUL POLETE,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 13479-20S.                    Filed December 18, 2023.

————

Sean Paul Polete, pro se.

*Joseph D. Boteler*, *Marc L. Caine*, and *Louis H. Hill*, for respondent.


## SUMMARY OPINION

LEYDEN, *Special Trial Judge*:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

Petitioner failed to file his 2017 federal income tax return, so the Internal Revenue Service (IRS)[2] prepared a substitute for return in accordance with section 6020(b).  Subsequently, the IRS issued a notice

———————

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The Court uses the term "IRS" to refer to administrative actions taken outside of these proceedings.  The Court uses the term "respondent" to refer to the Commissioner of Internal Revenue, who is the head of the IRS and is respondent in this case, and to refer to actions taken in connection with this case.

of deficiency to petitioner and determined an income tax deficiency of $34,273 and additions to tax under sections 6651(a)(1) and (2) and 6654 of $6,575.17, $5,114.02, and $686.15, respectively. Petitioner timely filed a Petition with this Court contesting the notice of deficiency. After filing the Petition, petitioner asserted that he was entitled to various deductions, as discussed below.

Both before and during trial, respondent and petitioner made concessions, listed in the table below relating to petitioner's 2017 tax year.

| Item | Concession |
|---|---|
| Section 6651(a)(2) addition to tax | Petitioner is not liable for this addition to tax |
| Section 6654 addition to tax | Petitioner is not liable for this addition to tax |
| Head of Household filing status | Petitioner is entitled to Head of Household filing status |
| Personal exemptions | Petitioner is entitled to three personal exemptions |
| Wage income | $59,510 |
| Taxable retirement distributions | $52,433 |
| Interest | $14 |
| Capital gain | $3,417 |
| Donations (to Goodwill) | $90 |
| Withholdings | $5,050 |
| Estimated tax payments | $0 |
| Surplus & Adventure gross receipts | $10,404 |
| Surplus & Adventure cost of goods sold | $7,595 |
| Fibre Arts gross receipts | $3,238 |
| Fibre Arts cost of goods sold | $7,595 |
| STEAM Works gross receipts | $0 |
| Maryland rental property net rental income | $18,948.50 |
| Maryland rental property real estate taxes | $2,887.33 |
| Maryland rental property mortgage interest | $8,917.28 |

| Maryland rental property hazard insurance | $845.48 |
|---|---|
| Oakwood residence | Petitioner utilized this property as a personal residence in 2017 |
| Oakwood residence real estate taxes | $13,560.03 (petitioner was the sole payor/borrower) |
| Oakwood residence mortgage interest | $9,264.48 (petitioner was the sole payor/borrower) |
| Beavercreek rental income | $7,437.35 |
| Beavercreek expenses | $1,199.36 |
| Alimony | $3,000 |

After concessions, the remaining issues for the Court to decide are whether for 2017 petitioner is (1) entitled to deduct asserted expenses relating to three alleged businesses; (2) entitled to deduct asserted expenses related to two real estate properties; and (3) liable for an addition to tax for failure to timely file his tax return under section 6651(a).

The Court holds that petitioner is entitled to deduct some of his asserted expenses, as discussed below, and petitioner is liable for an addition to tax for failure to timely file.

*Background*

Some of the facts have been stipulated and are so found. The First Stipulation of Facts and the accompanying Exhibits 1-J, and 3-J through 14-J are incorporated herein by this reference. The Second Stipulation of Facts and the accompanying Exhibit 15-J are also incorporated herein by this reference.

Respondent also filed Exhibit 2-R with the First Stipulation of Facts. At trial petitioner objected to the admission of Exhibit 2-R into evidence. The Court overruled petitioner's objection and admitted Exhibit 2-R.

Before the trial petitioner filed Proposed Trial Exhibits 1001-P through 1018-P. At trial the Court admitted Proposed Trial Exhibits 1006-P, 1009-P, 1013-P, and 1015-P renumbered as Exhibits 16-P, 17-P, 18-P, and 19-P, respectively. The Court did not admit the remaining Proposed Trial Exhibits.

Petitioner resided in Ohio when he filed the Petition. Petitioner and his spouse separated in May 2017 and thereafter maintained separate households.[3]

## I. *Section 6020(b) Return*

On April 15, 2018, petitioner filed for and received an extension of time to file his 2017 federal income tax return by October 15, 2018. However, petitioner did not file his 2017 tax return by the extended due date. After the extended filing deadline had passed, the IRS prepared a substitute for return for petitioner's 2017 tax year pursuant to section 6020(b).

## II. *Notice of Deficiency*

On November 16, 2020, the IRS issued petitioner a notice of deficiency proposing for 2017 a deficiency of $34,273 and additions to tax under sections 6651(a)(1) and (2) and 6654 of $6,575.17, $5,114.02, and $686.15, respectively.

In the notice of deficiency respondent determined that in 2017 petitioner received $158,209 in income. With respect to petitioner's tax and credits the IRS calculated petitioner's tax owed by (1) allowing a standard deduction of $6,350 and one personal exemption of $3,888 and (2) proposing a tax of $660 on individual retirement accounts (IRAs), other retirement plans, and medical savings accounts (MSAs).[4]

After the IRS issued the notice of deficiency, petitioner mailed to the IRS a proposed 2017 Form 1040, U.S. Individual Income Tax Return. The IRS did not accept or process that proposed tax return. At trial petitioner asserted he was entitled to deductions for various expenses.

## III. *Petitioner's Activities*

During 2017 petitioner operated three activities: (1) Surplus, Adventure, & Survival Gear (Surplus & Adventure), (2) Fibre Arts

---

[3] The notice of deficiency at issue was addressed only to petitioner. Petitioner's wife did not sign the Petition filed by petitioner and is not a party to this case.

[4] Some of the items in the notice of deficiency have been conceded. The parties stipulated the amount of unreported retirement income, and the $660 tax on IRAs, other retirement plans, and MSAs proposed in the notice of deficiency is purely computational.

Enterprises (Fibre Arts), and (3) STEAM Works Labs, LLC (STEAM Works).

### A. *Surplus & Adventure*

Petitioner operated Surplus & Adventure as a business that purchased and resold outdoor gear and equipment. In addition to the stipulated 2017 gross receipts and cost of goods sold for this business, petitioner paid advertising/marketing expenses of $1,092.37, PayPal fees of $1,077.77, a Penske truck rental expense of $80.19, and shipping fees from FedEx and the U.S. Postal Service (USPS) of $229.94.

### B. *Fibre Arts*

Petitioner operated Fibre Arts as a business that sold embroidered articles online. In addition to the stipulated 2017 gross receipts for this business, petitioner paid Etsy selling fees of $202.90 and Ohio business filing fees of $145.15.

### C. *STEAM Works*

Beginning in 2016 petitioner conducted STEAM Works, an activity which maintained a workshop where students could use the space and equipment such as 3–D printers without charge. Petitioner had planned to sell memberships that would allow only members to use the workshop and the 3–D printers, but he never sold such memberships. STEAM Works did not have any gross receipts in 2017.

## IV. *Petitioner's Real Estate Properties*

During 2017 petitioner and his wife jointly owned two real estate properties. The first was in Beavercreek, Ohio (Beavercreek property), and the second was in Lexington Park, Maryland (Maryland property).

### A. *Beavercreek Property*

During 2017 petitioner and his wife jointly paid real estate taxes and mortgage interest of $4,715.32 and $5,490.90, respectively, for the Beavercreek property. Petitioner and his wife hired a property management company for the Beavercreek property that issued in both of their names a 2017 Form 1098, Mortgage Interest Statement. Because petitioner stipulated that he and his wife both paid the real estate taxes and mortgage interest, the Court finds that petitioner paid

one half of the real estate taxes and mortgage interest. There is not anything in the record that suggests a different allocation.

In 2017 petitioner rented out the Beavercreek property for five months out of the year. Petitioner either did not rent out the Beavercreek property or lived in it as his personal residence for the other seven months of the year.

Only petitioner received the conceded rental income from the Beavercreek property.

The property management company also prepared and sent petitioner an owner activity statement listing the 2017 expenses, totaling $1,199.36. The parties have stipulated that petitioner paid those expenses.

B. *Maryland Property*

During 2017 petitioner and his wife jointly paid real estate taxes and mortgage interest of $2,887.33 and $8,917.28, respectively, for the Maryland property. Petitioner and his wife received a 2017 Form 1098 issued in both of their names. Because petitioner stipulated that he and his wife both paid the real estate taxes and mortgage interest, the Court finds that petitioner paid one half of the real estate taxes and mortgage interest. There is not anything in the record that suggests a different allocation.

Petitioner contracted with a property management company with respect to the Maryland property. The company provided petitioner a 2017 Form 1099–MISC, Miscellaneous Income, that reported gross income of $21,000 paid to petitioner during that year.

The property management company also provided petitioner with a yearend statement that listed for the Maryland property rental income minus expenses of $18,948.50. On the basis of the parties' stipulations the Court finds that petitioner paid the Maryland property expenses of $2,051.50.

*Discussion*

I. *Burden of Proof*

Generally, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and a taxpayer bears the burden of

proving that the determination is in error. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving that he is entitled to any deduction claimed. *See* Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934). A taxpayer must maintain adequate records to substantiate the amounts of their income and entitlement to any deductions or credits claimed. I.R.C. § 6001. Under section 7491(a), the burden of proof may shift to the Commissioner if a taxpayer produces credible evidence with respect to any relevant factual issue and meets other requirements. Petitioner has neither argued that section 7491(a) applies nor established that its requirements have been met. The burden of proof remains with petitioner.

Respondent contends that petitioner has failed to carry his burden of proof with respect to the alleged deductions, as well as the section 6651(a)(1) addition to tax. Petitioner asserts that he did carry his burden of proof with respect to the disputed deductions and the section 6651(a)(1) addition to tax.

II.    *General Rules for Deductions*

Generally, a taxpayer may deduct ordinary and necessary expenses paid or incurred during the taxable year in connection with operating a trade or business. I.R.C. § 162(a); *Boyd v. Commissioner*, 122 T.C. 305, 313 (2004).

To be ordinary the expense must be of a common or frequent occurrence in the type of business involved. *Deputy v. Du Pont*, 308 U.S. 488, 495 (1940). To qualify as necessary an expense must be appropriate and helpful to the taxpayer's business. *Welch v. Helvering*, 290 U.S. at 113. It must be "directly connected with or pertaining to the taxpayer's trade or business." Treas. Reg. § 1.162-1(a). However, if an expense is a personal, living, or family expense, it may not be deducted. I.R.C. § 262(a).

When a taxpayer claims a deduction related to operating a trade or business, he must demonstrate that the deduction is allowable pursuant to some statutory provision, and he must further substantiate that the expense to which the deduction relates has been paid or incurred. *See* I.R.C. § 6001; *Hradesky v. Commissioner*, 65 T.C. 87, 89–90 (1975), *aff'd per curiam*, 540 F.2d 821 (5th Cir. 1976); *Meneguzzo v. Commissioner*, 43 T.C. 824, 831–32 (1965); Treas. Reg. § 1.6001-1(a).

If a taxpayer incurs a trade or business expense contemplated by section 162(a) but is unable to adequately substantiate the amount, the Court may estimate the amount and allow a deduction to that extent. *Cohan v. Commissioner*, 39 F.2d 540, 543–44 (2d Cir. 1930). However, there must be some basis upon which an estimate may be made. *Vanicek v. Commissioner*, 85 T.C. 731, 742–43 (1985).

For certain expenses, section 274(d) overrides the *Cohan* doctrine. *Sanford v. Commissioner*, 50 T.C. 823, 827 (1968), *aff'd per curiam*, 412 F.2d 201 (2d Cir. 1969); Temp. Treas. Reg. § 1.274-5T(a).

Deductions for expenses with respect to the use of passenger automobiles, if otherwise allowable, are subject to strict substantiation rules. *See* I.R.C. §§ 274(d), 280F(d)(4); *Sanford*, 50 T.C. at 827; Temp. Treas. Reg. § 1.274-5T(a). For expenses relating to passenger automobiles, a taxpayer must substantiate with adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) the amount of each separate expense; (2) the mileage for each business use of the passenger automobile and the total mileage for all purposes during the taxable period; (3) the date of the business use; and (4) the business purpose of the use. *See* Temp. Treas. Reg. § 1.274-5T(b)(6). Substantiation by adequate records generally requires a taxpayer to "maintain an account book, diary, log, statement of expense, trip sheets, or similar record" prepared contemporaneously with the use of the passenger automobile as well as documentary evidence of the individual, actual expenses. *Id.* para (c)(2).

In the absence of adequate records, a taxpayer may substantiate passenger automobile expenses with sufficiently detailed written or oral statements and other collateral evidence establishing that the expenses were incurred. *Dyer v. Commissioner*, T.C. Memo. 2012-224, at *22; *see* Temp. Treas. Reg. § 1.274-5T(c)(3). While a noncontemporaneous log may be used to substantiate these kinds of expenses, "the corroborative evidence required to support a statement not made at or near the time of the expenditure or use must have a high degree of probative value to elevate such statement and evidence to the level of credibility reflected by a record made at or near the time of the expenditure or use supported by sufficient documentary evidence." Temp. Treas. Reg. § 1.274-5T(c)(1).

Deductions for meals and entertainment expenses are also subject to strict substantiation rules. With respect to deductions for these types of expenses, section 274(d) requires that the taxpayer

substantiate either by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) the amount of the expense; (2) the time and place the expense was incurred; (3) the business purpose of the expense; and (4) in the case of an entertainment expense, the business relationship to the taxpayer of each person entertained. Temp. Treas. Reg. § 1.274-5T(a) and (b).

Section 167(a) allows as a depreciation deduction a reasonable allowance for exhaustion, wear and tear, and obsolescence of property if a taxpayer uses that property in a trade or business or other income-producing activity. *See also* Treas. Reg. § 1.167(a)-1(a). To substantiate such a deduction, "[a] taxpayer must show that the property was used in a trade or business (or other profit-oriented activity). In addition, a taxpayer must establish the property's depreciable basis, by showing the cost of the property, its useful life, and the previously allowable depreciation." *Cluck v. Commissioner*, 105 T.C. 324, 337 (1995). A depreciation schedule alone is insufficient to substantiate the deduction. *See Holden v. Commissioner*, T.C. Memo. 2015-131, at \*65–66.

III.   *Petitioner's Businesses*

During 2017 petitioner operated Surplus & Adventure and Fibre Arts as businesses, and he asserts he is entitled to deduct various expenses.

A.     *Surplus & Adventure*

Petitioner asserts that during 2017 he incurred ordinary and necessary expenses operating Surplus & Adventure. Petitioner testified and the record includes documentary evidence that supports he is entitled to deduct the following asserted expenses: (1) advertising/marketing expenses of $1,092.37, (2) PayPal fees of $1,077.77, (3) a Penske truck rental of $80.19, and (4) shipping fees from FedEx and USPS of $229.94.

As discussed below, petitioner is not entitled to deduct the remaining asserted Surplus & Adventure expenses or depreciation.

1.     *Car and Truck Expenses*

Although petitioner did provide some noncontemporaneous records and credible testimony about his asserted car and truck expenses, the records and testimony do not meet the statutory strict substantiation requirements discussed above. He did not keep

contemporaneous records of the amounts of each separate expense, but rather noncontemporaneous estimates of mileage driven for his business. Further, those records did not include the required date or business purpose of the miles driven. Therefore, petitioner has not met his burden of proof that he is entitled to deduct the asserted car and truck expenses for this business.

### 2. *Depreciation*

To prove he is entitled to the asserted depreciation deduction for this business petitioner must show that the property was used in the business and establish the property's depreciable basis, its useful life, and the previously allowable depreciation. Although petitioner testified that he was eligible to claim a depreciation deduction with respect to unidentified assets of Surplus & Adventure, he did not prove the properties' depreciable bases, their useful lives, and the previously allowable depreciation deductions for any assets. Therefore, petitioner is not entitled to his asserted depreciation deduction.

### B. *Fibre Arts*

Petitioner asserts that during 2017 he incurred ordinary and necessary expenses operating Fibre Arts. Petitioner testified and the record includes documentary evidence that supports he is entitled to deduct the following asserted expenses: (1) Etsy selling fees of $202.90 and (2) Ohio business filing fees of $145.15.

As discussed below, petitioner is not entitled to deduct the remaining asserted Fibre Arts expenses or depreciation.

### 1. *Car and Truck Expenses*

As discussed above, car and truck expenses are subject to statutory strict substantiation rules. Petitioner's records and testimony do not provide the Court with sufficient evidence of the dates and business purposes of petitioner's asserted expenses. Petitioner kept only a noncontemporaneous summary log of his estimated miles driven for this business. As the Court concluded above, this type of record does not meet the strict substantiation requirements necessary for car and truck expenses. Therefore, petitioner did not meet his burden of proof that he is entitled to deduct the asserted car and truck expenses for this business.

2. *Depreciation*

To prove he is entitled to the asserted depreciation deduction for this business petitioner must show that the property was used in the business and establish the property's depreciable basis, its useful life, and the previously allowable depreciation. Although petitioner testified that he was eligible to claim a depreciation deduction with respect to two embroidery machines, a generator, and a trailer used for Fibre Arts, he did not prove the properties' depreciable bases, their useful lives, and the previously allowable depreciation deductions for any assets. Therefore, petitioner is not entitled to his asserted depreciation deductions.

IV. *STEAM Works*

A taxpayer is generally allowed to deduct business expenses. *See* I.R.C. §§ 162, 212. However, a taxpayer may not deduct expenses incurred in connection with activities not engaged in for profit, such as activities primarily carried on as a sport, a hobby, or for recreation, except to the extent provided by section 183(b). *See* I.R.C. § 183(a); Treas. Reg. § 1.183-2(a). Section 183(b) allows a taxpayer to deduct expenses that would have been allowable had the activity been engaged in for profit, but only to the extent of gross income derived from the activity.

A. *STEAM Works Operated as a Hobby*

Section 183(c) defines an activity not engaged in for profit as "any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraph (1) or (2) of section 212." Deductions are allowable under section 162 or under section 212(1) or (2) if a taxpayer shows that he is engaged in the activity with the primary objective of making a profit. *Hayden v. Commissioner*, 889 F.2d 1548, 1552 (6th Cir. 1989), *aff'g* T.C. Memo. 1998-310. The expectation of a profit need not be reasonable, but the taxpayer must conduct the activity with the actual and honest objective of making a profit. *Keating v. Commissioner*, 544 F.3d 900, 904 (8th Cir. 2008), *aff'g* T.C. Memo. 2007-309. Greater weight is given to objective facts than to the taxpayer's self-serving statement of intent. *King v. Commissioner*, 116 T.C. 198, 205 (2001); Treas. Reg. § 1.183-2(a) and (b).

To determine whether the required profit objective exists, the Court must look to the surrounding facts and circumstances. *See Golanty v. Commissioner*, 72 T.C. 411, 425–26 (1979), *aff'd without*

*published opinion*, 647 F.2d 170 (9th Cir. 1981).  The regulations set forth a nonexhaustive list of factors that may be considered in deciding whether a profit objective exists.  These factors are (1) the manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the taxpayer's success in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) any elements indicating personal pleasure or recreation.  Treas. Reg. § 1.183-2(b).  No single factor, or even the existence of a majority of factors supporting or rebutting the existence of a profit objective, is controlling.  *Id.*  Rather, all facts and circumstances with respect to the activity are to be taken into account.  *Golanty*, 72 T.C. at 426; Treas. Reg. § 1.183-2(b).

Considering all the facts and circumstances, the Court concludes that petitioner did not conduct STEAM Works in a businesslike manner and did not engage in the activity with the requisite profit objective during tax year 2017.  Rather, STEAM Works was operated as a hobby.

### B.  *Not Any Deductible Losses*

If an activity is not engaged in for profit, section 183(b)(1) allows deductions that would be allowable without regard to whether the activity is engaged in for profit.  Section 183(b)(2) allows deductions equal to the amounts of deductions that would be allowable if the activity were engaged in for profit, but only to the extent gross income derived from the activity exceeds the deductions allowed by reason of section 183(b)(1).

However, because petitioner did not have any gross income from STEAM Works in 2017, he is not entitled to deduct any of the asserted expenses related to this hobby.

### V.  *Petitioner's Real Estate Properties*

Under section 212, ordinary and necessary expenses paid or incurred to manage or maintain property held to produce income are deductible.

A.     *Beavercreek Property*

At trial respondent conceded that petitioner rented out the Beavercreek property as a business for five months of 2017.[5]  Petitioner either did not rent it out or lived in it as his personal residence for seven months in 2017.  The parties agree that petitioner and his wife jointly owned the Beavercreek property during 2017 and that each paid half of the associated real estate taxes and mortgage interest.  However, the parties further agree that petitioner received the rental income and paid the expenses detailed in the owner activity statement provided by the property management company.

Therefore, for the Beavercreek property petitioner may deduct five-twelfths of his half of the mortgage interest and real estate taxes he paid under sections 162(a) and 212(2), and may deduct the remaining seven-twelfths as itemized deductions under sections 163(h) and 164(a), respectively.

Further, as to petitioner's expenses enumerated in the owner activity statement and conceded by respondent, petitioner may deduct five-twelfths under sections 162(a) and 212(2).  The remaining seven-twelfths of those expenses are personal expenses and are not deductible.

1.     *Car and Truck Expenses*

In support of his purported car and truck expenses for the Beavercreek property, petitioner provided a summary "Auto & Travel Log" with estimated cost and miles traveled with respect to his various rental properties.  His records also included repair receipts for two vehicles.  However, as discussed above, car and truck expenses are held to strict substantiation rules, which petitioner did not meet.  His evidence of mileage traveled consists of a combined summary for his businesses and rental properties and does not include the required dates and business purpose of his asserted car and truck traveling expenses.  For these reasons, petitioner has not met his burden of proof that he is entitled to deduct his asserted car and truck expenses with respect to the Beavercreek property for the five months it was rented.

_____

[5] Neither party has asserted that section 280A is applicable to the Beavercreek property, and the record does not support applying it.

### 2. *Meals Expenses*

As with car and truck expenses, section 274(d) imposes stricter substantiation for deductions claimed for other travel expenses, including meals and entertainment expenses. Such deductions are not allowed unless a taxpayer substantiates by adequate records, or by sufficient evidence corroborating his own statement, the amount, time, place, and business purpose for each expenditure. *See* I.R.C. § 274(d) (flush text).

The evidence provided to substantiate petitioner's asserted meals expenses consists of a spreadsheet with the headings "Groceries" and "Restaurants" under which petitioner included dates, property location (Beavercreek), and a designation of "lunch" or the name of a grocery store or restaurant. He also referenced bank statements and credit card records, but none of his records included a referenced business purpose for his asserted meals expenses. *See* Treas. Reg. § 1.274-5(j) (detailing the substantiation requirements for meals allowances). Thus, petitioner has not met his burden of proof and is not entitled to his asserted meals expenses with respect to the Beavercreek property.

### 3. *Depreciation*

Petitioner testified that he should be entitled to a depreciation deduction "[i]n the range of $3,000" but did not provide the property's depreciable basis, its useful life, or the amount of any previous allowable depreciation. Therefore, petitioner is not entitled to his asserted depreciation deduction for the Beavercreek property.

### B. *Maryland Property*

The parties agree that the Maryland property was rented during all of 2017 and was also jointly owned by petitioner and his wife. The parties also agree that petitioner and his wife each paid half of the associated real estate taxes and mortgage interest for the property. Accordingly, petitioner may deduct one half of the total real estate taxes and mortgage interest under sections 162(a) and 212(2). The parties further agree that petitioner received the rental income and paid the expenses detailed in the yearend statement provided by the property management company. Further, the parties agree that petitioner paid hazard insurance for the Maryland property of $845.48. Thus, petitioner may deduct those expenses totaling $2,896.98 under sections 162(a) and 212(2).

### 1. *Car and Truck Expenses*

Petitioner testified that he drove one of his vehicles for business purposes for several of his businesses and for the Maryland property. He also submitted receipts for repairs to the vehicle and a spreadsheet with estimated mileage driven for his various business activities. Petitioner did not keep contemporaneous records of the amount of each separate expense, but rather noncontemporaneous estimates of mileage driven for his business. Further, those records did not include the required date or business purpose of the miles driven. For these reasons, petitioner has not met his burden of proving that he is entitled to deduct his asserted car and truck expenses with respect to the Maryland property.

### 2. *Meals Expenses*

Petitioner's evidence provided to substantiate his asserted meals expenses with respect to the Maryland property consisted of a spreadsheet with the headings "Groceries" and "Restaurants" under which petitioner included dates, property location (Maryland property), and a designation of "lunch" or the name of a grocery store or restaurant. Petitioner also included bank and credit card statements to substantiate his expenses in this category. However, as with his Beavercreek records, petitioner's records did not include a business purpose for his asserted meals expenses. Thus, petitioner has not met his burden of proving that he is entitled to deduct his asserted meals expenses with respect to the Maryland property.

### 3. *Depreciation*

Petitioner testified that he should be entitled to depreciation deductions on the house and on a fence on the property but did not provide the property's depreciable basis, its useful life, or the amount of any previous allowable depreciation. Therefore, petitioner is not entitled to his asserted depreciation deductions for the Maryland property.

## VI. *Failure to File Addition to Tax Under Section 6651(a)(1)*

Section 6651(a)(1) imposes an addition to tax for a taxpayer's failure to file a required tax return on or before the specified filing date, including extensions. The addition equals 5% of the net amount due for each month that the tax return is late, not to exceed 25%. The Commissioner has the burden of production with respect to any addition

to tax.  I.R.C. § 7491(c).  The Commissioner satisfies his burden of production for an addition to tax for failure to timely file by providing sufficient evidence to show that the taxpayer filed his or her tax return late.  *Wheeler v. Commissioner*, 127 T.C. 200, 207–08 (2006), *aff'd*, 521 F.3d 1289 (10th Cir. 2008); *Higbee v. Commissioner*, 116 T.C. 438, 447 (2001).  A substitute for return prepared by the IRS is not considered a return filed by a taxpayer for purposes of section 6651(a)(1).  I.R.C. § 6651(g)(1).

The record establishes that petitioner's 2017 federal income tax return, after he received an extension, was required to be filed by October 15, 2018, and petitioner did not file his return by that date.  The IRS prepared a return for petitioner's 2017 tax year, which does not qualify as a return filed by petitioner for the purposes of the failure to timely file a tax return addition to tax pursuant to section 6651(g)(1).  Therefore, respondent has met his burden of production with respect to the addition to tax under section 6651(a)(1) for failure to timely file a tax return for tax year 2017.

A taxpayer is not liable for an addition to tax for failure to timely file a return if he shows the untimeliness was due to reasonable cause and not due to willful neglect.  I.R.C. § 6651(a)(1); *Higbee*, 116 T.C. at 447.  "If the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, then the delay is due to a reasonable cause."  Treas. Reg. § 301.6651-1(c)(1).  The taxpayer can show that he did not act with "willful neglect" if he can "prove that the late filing did not result from a 'conscious, intentional failure or reckless indifference.'"  *Niedringhaus v. Commissioner*, 99 T.C. 202, 221 (1992) (quoting *United States v. Boyle*, 469 U.S. 241, 245–46 (1985)).  The burden of showing reasonable cause under section 6651(a)(1) remains with petitioner.  *See Higbee*, 116 T.C. at 446–48.

Petitioner has not claimed nor proven that he qualifies for an exception to the addition to tax for failure to timely file a return.  He does not claim that he filed his return timely.  Petitioner argues instead that he does not owe any deficiency for 2017, and, thus, he is not liable for the late filing addition to tax.  Petitioner has not shown reasonable cause for failing to timely file his 2017 tax return.  Therefore, petitioner is liable for the section 6651(a)(1) addition to tax for 2017 to the extent that after Rule 155 computations there is a determined deficiency.

The Court has considered all of the parties' arguments, and, to the extent not addressed above, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered under Rule 155.*